UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

       -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Plaintiff Rabo AgriFinance LLC*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>    *Plaintiff,*<br><br>v. | **ADV. PROC. NO.  23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

| | |
|---|---|
| ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N. TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DeJARNATT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIIVING TRUST; CORY JESKO; DWIGHT JESKO, JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY; | |

NATALIE MARTUS; JEAN NIX; OPEN A
ARENA LLC; BARRY PHILLIPS; DREW
PHILLIPS; PRIEST CATTLE COMPANY
LTD; PRIEST VICTORY INVESTMENT
LLC; CHRISTOPHER PRINCE;
PRODUCERS LIVESTOCK COMMISSION;
SONNY BARTHOLD; DAVID RAINEY;
RAPP RANCH; MARK J. REISZ; RALPH
REISZ; RIDGEFIELD CAPITAL ASSET
MANAGEMENT; JIM GIORDANO; RILEY
LIVESTOCK, INC.; ANGIE ROBINSON;
RICK RODGERS; STEVE RYAN; JIM
RININGER; SCARLET & BLACK
CATTLE, LLC; COLTON LONG; SCOTT
LIVESTOCK COMPANY; SHAW & SHAW
FARMS PARTNERSHIP LLC; THE
UNIVERSITY OF FLORIDA; ROBERT J.
SPRING; STARNES CATTLE; JEFF
STARNES; EDDIE STEWART; ROBERT
STEWART; RACHEL STEWART; SCOTT
E. STEWART; STEVE T SCOTT FARMS,
INC.; JUSTIN STUEVER; PHILLIP
SULLIVAN; AMY SUTTON; CRAIG
SUTTON; TGF RANCH LLC; TOM FRITH;
THORLAKSON DIAMOND T FEEDERS,
L.P.; JOHN TIDWELL; MYKEL TIDWELL;
TINDAL TRUCK SALES; JOHN TINDAL;
JANET VANBUSKIRK; LYNDAL
VANBUSKIRK; SUSAN VAN BUSKIRK;
COLBY VANBUSKIRK; CAMERON
WEDDINGTON; NANCY WEDDINGTON;
WILLIAM WEDDINGTON; WILDFOREST
CATTLE COMPANY LLC; WILEY ROBY
RUSSELL, JR. as TRUSTEE OF THE W.
ROBBIE RUSSELL LIVING TRUST; WJ
PERFORMANCE HORSES, INC.; JOB
WHITE; and KENT RIES, in his capacity as
CHAPTER 7 TRUSTEE OF THE
DEBTORS' CONSOLIDATED
BANKRUPTCY ESTATE.

    *Defendants.*

## PLAINTIFF RABO AGRIFINANCE LLC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Rabo AgriFinance LLC ("**RAF**" or "**Plaintiff**") hereby complains of and files this Complaint for Declaratory Relief against the above-identified defendants and respectfully alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      On April 28, 2023, McClain Feed Yard, Inc. ("**MFY**"), McClain Farms, Inc. ("**MFI**"), and 7M Cattle Feeders, Inc. ("**7M**") (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

2.      The Debtors' cases are being jointly administered in this judicial district.

3.      This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a)-(b) and 1334.

4.      This is a core proceeding as defined under 28 U.S.C. § 157(b).

5.      Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

6.      Federal Rule of Bankruptcy Procedure defines as an adversary proceeding (a) a proceeding to determine the validity, priority or extent of a lien or other interest in property, and (b) a proceeding to obtain a declaratory judgment regarding the validity, priority or extent of a lien or other interest in property.

7.      RAF is a Delaware limited liability company with its principal place of business in Missouri, and is authorized to do business in the State of Texas.

8.      Defendant Acey Livestock, LLC ("**Acey Livestock**") is a limited liability company based out of Perryville, Kentucky.

9.      Defendant Michael Acey is an individual that resides in or around Perryville, Kentucky and is the owner of Acey Livestock.

4

10.      Defendant Stan E. Ayers, Jr. is an individual residing in or around Rockford, Ohio.

11.      Defendant Arnold Braun Trust a trust is based out of Grandview, Indiana.

12.      Defendant Arnold Braun is the trustee of the Arnold Braun Trust and resides in or around Grandview, Indiana.

13.      Defendant Robert Braun is an individual residing in or around Evanston, Indiana.

14.      Defendant Bar D Ranch Land & Cattle LLC ("**Bar D Ranch**") is a limited liability company based out of Lake City, Florida.

15.      Defendant N. Terry Dicks is the principal and/or manager of Bar D Ranch Land and resides in or around Lake City, Florida.

16.      Defendant Barrett's Livestock Inc. ("**Barrett's Livestock**") is a Georgia corporation based out of Dublin, Georgia.

17.      Defendant Bella Elegance LLC is a limited liability company based out of Gainesville, Florida.

18.      Defendant Don Ralph Barrett is an individual residing in or around Dublin, Georgia and is the principal of Barrett's Livestock.

19.      Defendant Big Seven Capital Partners, LLC is a limited liability company based out of Cincinnati, Ohio.

20.      Defendant Dora Blackman is an individual residing in or around Orlando, Oklahoma.

21.      Defendant Bryan Blackman is an individual residing in or around Healdton, Oklahoma.

22.      Defendant Eddie Bryant is an individual residing in or around Prosper, Texas.

23.      Defendant Brent Burnett is an individual residing in or around Mayfield, Kentucky.

24.    Defendant Joe Burnett is an individual residing in or around Melber, Kentucky.

25.    Defendant Terry Burnett is an individual residing in or around Melber, Kentucky.

26.    Defendant Buss Family Trust is a trust based out of Shawnee, Oklahoma.

27.    Defendant Edwin D. Buss is the trustee of the Buss Family Trust and resides in or around Shawnee, Oklahoma.

28.    Defendant Dennis Buss is an individual residing in or around Tonkawa, Oklahoma.

29.    Defendant C Heart Ranch, LLC is a limited liability company based out of Ardmore, Oklahoma.

30.    Defendant Colette Lesh is the manager of C Heart Ranch, LLC and resides in or around Ardmore, Oklahoma.

31.    Defendant Carraway Cattle, LLC is a limited liability company based out of Cincinnati, Ohio.

32.    Defendant Richard Carraway is an individual residing in or around Dyersburg, Tennessee.

33.    Defendant Curtis Jones Farms is an entity based out of Emporia, Kansas.

34.    Defendant DAC83 LLC is a limited liability company based out of Canyon, Texas.

35.    Defendant Eric DeJarnatt is an individual residing in or around Cunningham, Kentucky,

36.    Defendant Don Jones Farm, Inc. is a corporation based out of Reading, Kansas.

37.    Defendant Don Jones Trucking, Inc. is a corporation based out of Reading, Kansas.

38.    Defendant Dufurrena Cutting Horses is an entity based out of Gainesville, Texas.

39.    Defendant Edward Lewis Dufurrena is an individual residing in or around Gainesville, Texas.

6

40.      Defendant Rieta May Dufurrena is an individual residing in or around Gainesville, Texas.

41.      Defendant Robert Ellis is an individual residing in or around Easton, Maryland.

42.      Defendant Michael Evan is an individual residing in or around Clinton, Kentucky.

43.      Defendant Doug Finley is an individual residing in or around Tulsa, Oklahoma.

44.      Defendant Garwood Cattle Co. is an entity based out of Columbiana, Ohio.

45.      Defendant Justin Garwood is a member of Garwood Cattle Co. and resides in or around Columbiana, Ohio.

46.      Defendant Gene Brookshire Family, LP is a limited partnership based out of Crosby, Texas.

47.      Defendant Joel Brookshire is the general partner of the Gene Brookshire Family, LP and resides in or around Crosby, Texas.

48.      Defendant Gray Brothers Cattle is an entity based out of Ralston, Oklahoma.

49.      Defendant Robert Gray is an owner of Gray Brothers Cattle and resides in or around Ralston, Oklahoma.

50.      Defendant Ronnie Gray is also an owner of Gray Brothers Cattle and resides in or around Fairfax, Oklahoma.

51.      Defendant Jimmy Greer is an individual residing in or around Murray, Kentucky.

52.      Defendant Gungoll Cattle, LLC is a limited liability company based out of Stillwater, Oklahoma.

53.      Defendant Bradley Gungoll is the managing member of Gungoll Cattle and resides in or around Stillwater, Oklahoma.

54.    Defendant Leah Gungoll is an individual residing in or around Stillwater, Oklahoma.

55.    Defendant Jace Harrold is an individual residing in or around Cleveland, Texas.

56.    Defendant Hines Cattle Company, LLC is a limited liability company based out of High Springs, Florida.

57.    Defendant Hines Farms, LLC is a limited liability company based out of High Springs, Florida.

58.    Defendant A.J. Jacques Living Trust is a trust based out of Stillwater, Oklahoma, and A.J. Jacques is the trustee thereof.

59.    Defendant Cory Jesko is an individual residing in or around Hereford, Texas.

60.    Defendant Dwight Jesko is an individual residing in or around Hereford, Texas.

61.    Defendant JoAnn and Keith Brooks d/b/a Brooks Farms ("**Brooks Farms**") is an entity based out of South Fulton, Tennessee.

62.    Defendant Larry Keith is an individual residing in or around Wytheville, Virginia.

63.    Defendant Dustin Johnson is an individual residing in or around McCool, Mississippi.

64.    Defendant David Johnson is an individual residing in or around Canyon, Texas.

65.    Defendant Kinsey Jones is an individual residing in or around Reading, Kansas.

66.    Defendant Kingdom Trust is an entity based out of Bells, Tennessee.

67.    Defendant James Mccuan is associated with the Kingdom Trust and resides in or around Bells, Tennessee.

68.    Defendant Keith Harris is an individual residing in or around Benton, Kentucky.

69.     Defendant Janice Lawhon is an individual residing in or around Blackwell, Oklahoma.

70.     Defendant Jan Lesh is an individual residing in or around Perry, Oklahoma.

71.     Defendant Morrison Café is an entity based out of Morrison, Oklahoma.

72.     Defendant Lesh Family Trust is a trust based out of Perry, Oklahoma.

73.     Defendant Gary Lesh is an individual residing in or around Perry, Oklahoma.

74.     Defendant Jared Lesh is an individual residing in or around Whitesboro, Texas.

75.     Defendant Jordan Lesh, LLC is an entity based out of Stillwater, Oklahoma.

76.     Defendant LFC Cattle is an entity based out of Ringling, Oklahoma.

77.     Defendant Charles Lockwood is an individual residing in or around Ringling, Oklahoma.

78.     Defendant Cole Lockwood is an individual residing in or around Canyon, Texas.

79.     Defendant Sherle Lockwood is an individual residing in or around Canyon, Texas.

80.     Defendant Nikki Lockwood is an individual residing in or around Canyon, Texas.

81.     Defendant Map Enterprises is an entity based out of Mayfield, Kentucky.

82.     Defendant Mike Gourley is the owner of Map Enterprises and resides in or around Mayfield Kentucky.

83.     Defendant Natalie Martus is an individual residing in or around Krugerville, Texas.

84.     Defendant Jean Nix is an individual residing in or around Mont Belvieu, Texas.

85.     Defendant Open A Arena LLC is a limited liability company based out of Canyon, Texas.

86.     Defendant Barry Phillips is an individual residing in or around Ridgeland, Mississippi.

87.    Defendant Drew Phillips is an individual residing in or around Jackson, Tennessee.

88.    Defendant Priest Cattle Company, Ltd. is a limited partnership based out of Lorena, Texas.

89.    Defendant Priest Victory Investment LLC is a limited liability company based out of Fort Worth, Texas.

90.    Defendant Christopher Prince is an individual residing in or around Blackwell, Oklahoma.

91.    Defendant Producers Livestock Commission is an entity based out of Oklahoma City, Oklahoma.

92.    Defendant Sonny Barthold is an individual residing in or around Oklahoma City, Oklahoma.

93.    Defendant David Rainey is an individual residing in or around Corinth, Mississippi.

94.    Defendant Rapp Ranch is an entity based out of Weatherford, Texas.

95.    Defendant Mark J. Reisz is an individual residing in or around Box Elder, South Dakota.

96.    Defendant Ralph Reisz is an individual residing in or around Owensboro, Kentucky.

97.    Defendant Ridgefield Capital Asset Management is an entity based out of Ridgefield, Connecticut.

98.    Defendant Jim Giordano is the Chief Financial Officer of Ridgefield Capital Asset Management and resides in or around Ridgefield, Connecticut.

99.    Defendant Riley Livestock, Inc. ("**Riley Livestock**") is a corporation based out of Mayfield, Kentucky.

100.     Defendant Angie Robinson is an individual residing in or around Snyder, Texas.

101.     Defendant Rick Rodgers is an individual residing in or around Mayfield, Kentucky.

102.     Defendant Steve Ryan is an individual residing in or around Yukon, Oklahoma.

103.     Defendant Jim Rininger is an individual residing in or around Rockport, Indiana.

104.     Defendant Scarlet & Black Cattle, LLC is a limited liability company based out of Amarillo, Texas.

105.     Defendant Colton Long is the owner of Scarlet & Black Cattle, LLC and resides in or around Amarillo, Texas.

106.     Defendant Scott Livestock Company is an entity based out of West Point, Mississippi.

107.     Defendant Shaw & Shaw Farms Partnership LLC ("**Shaw Farms**") is a limited liability company based out of Alachua, Florida.

108.     Defendant The University of Florida is located in Gainesville, Florida.

109.     Defendant Robert J. Spring is an individual residing in or around Edmond, Oklahoma.

110.     Defendant Starnes Cattle is an entity based out of Williston, Florida.

111.     Defendant Jeff Starnes is the owner of Starnes Cattle and resides in or around Williston, Florida. Starnes Cattle and Jeff Starnes are collectively referred to herein as "**Starnes**".

112.     Defendant Eddie Stewart is an individual residing in or around Brownsville, Tennessee.

113.     Defendant Robert Stewart is an individual residing in or around Brownsville, Tennessee.

114.    Defendant Rachel Stewart is an individual residing in or around Brownsville, Tennessee.

115.    Defendant Scott E. Stewart is an individual residing in or around Memphis, Tennessee.

116.    Defendant Steve T Scott Farms, Inc. is a corporation based out of West Point, Mississippi.

117.    Defendant Justin Stuever is an individual residing in or around Morrison, Oklahoma.

118.    Defendant Phillip Sullivan is an individual residing in or around Mayfield, Kentucky.

119.    Defendant Amy Sutton is an individual residing in or around Allen, Texas.

120.    Defendant Craig Sutton is an individual residing in or around Allen, Texas.

121.    Defendant TGF Ranch LLC is a limited liability company based out of Hastings, Michigan.

122.    Defendant Tom Frith is the owner of TGF Ranch LLC and resides in or around Hastings, Michigan.

123.    Defendant Thorlakson Diamond Feeders L.P. is a Texas limited partnership based out of Friona, Texas.

124.    Defendant John Tidwell is an individual residing in or around Mayfield, Kentucky.

125.    Defendant Mykell Tidwell is an individual residing in or around Mayfield, Kentucky.

126.    Defendant Tindal Truck Sales is an entity based out of Mayfield, Kentucky.

127.    Defendant John Tindal is the owner of Tindal Truck Sales and resides in or around Mayfield, Kentucky.

128.    Defendant Janet VanBuskirk is an individual residing in or around Ringling, Oklahoma.

129.    Defendant Lyndal VanBuskirk is an individual residing in or around Ringling, Oklahoma.

130.    Defendant Susan VanBuskirk is an individual residing in or around Ringling, Oklahoma.

131.    Defendant Colby VanBuskirk is an individual residing in or around Ringling, Oklahoma.

132.    Defendant Cameron Weddington is an individual residing in or around Jackson, Tennessee.

133.    Defendant Nancy Weddington is an individual residing in or around Brownsville, Tennessee.

134.    Defendant William Weddington is an individual residing in or around Brownsville, Tennessee.

135.    Defendant Wildforest Cattle Company LLC is a limited liability company based out of Mayfield, Kentucky.

136.    Defendant Wiley Roby Russell, Jr., in his capacity as Trustee of the W. Robbie Russell Living Trust is an individual residing in or around Brownsville, Tennessee.

137.    Defendant WJ Performances Horses, Inc. is a corporation based out of Cleveland, Texas.

138.    Defendant Job White is an individual residing in or around Gainesville, Florida.

13

139.     Defendant Kent Ries is the Chapter 7 Trustee over the Debtors' consolidated bankruptcy estates (the "**Trustee**").

140.     All defendants identified herein, except for the Trustee, are collectively referred to as the "**Dealer Trust Claimants**".[2]

## GENERAL ALLEGATIONS

141.     In May 2018, RAF began a lending relationship with MFY and its principal, Brian Keith McClain ("**McClain**").

142.     Over the next several years, RAF expanded that lending relationship to include the other two Debtors of which McClain was also the primary principal, i.e., MFI and 7M.

143.     Through the various loans executed by RAF and the Debtors, RAF obtained a security interest and lien against virtually all of the Debtors' personal assets, including cattle and cattle proceeds.

144.     Such loans were all cross-collateralized and cross-defaulted.

145.     In early 2023, after a collateral inspection conducted by RAF's AFCID collateral inspection department, RAF discovered that representations made by the Debtors and McClain with respect to the collateral securing RAF's loans were inaccurate.

146.     After conducting further investigation, RAF discovered that McClain had engaged in a multi-million-dollar Ponzi and check kiting scheme using RAF's loan funds and that the great majority of the cattle that McClain purportedly owned and had pledged to secure RAF's loans did not exist.

---

[2] 2B Farms, Terry "Bo" Robinson, and Codie and Morgan Perry also filed dealer trust claims with the USDA. They are not included as defendants in this lawsuit, however, because they have filed bankruptcy petitions such that their inclusion in this case would violate the automatic stay.

147.     Each of the Debtors had bank accounts at Mechanics Bank (the "**Mechanics Accounts**").

148.     RAF's loan and security documents with McClain and the Debtors included deposit account control agreements ("**DACAs**") that were entered into between RAF, Mechanics Bank and the Debtors, which DACAs granted RAF through "control" a first priority security interest in the Mechanics Accounts.

149.     On April 5, 2023, pursuant to the DACAs, RAF demanded that Mechanics Bank freeze the Mechanics Accounts, and remit all funds therein to RAF.

150.     At the time that RAF made its demand to Mechanics Bank, the Mechanics Accounts contained substantial funds. On information and belief, on April 5, 2023, MFY's account at Mechanics Bank had a balance of $17,743,974.61, and MFI's account at Mechanics Bank had a balance of $368,615.96.

151.     Further, on April 7, 2023, MFY's account at Mechanics Bank reached a deposit balance of $22,369,732.29.

152.     Mechanics Banks froze the Mechanics Accounts as directed by RAF, but did not remit any funds to RAF.  Rather, after a series of reversals and charges hit the accounts, Mechanics Bank ultimately took the Mechanics Accounts offline such that no further debits or credits could occur in those accounts.

153.     After taking the Mechanics Accounts offline, Mechanics Bank moved the funds contained in those accounts to a Mechanics Bank owned account.

154.     Mechanics Banks subsequently transferred $1,414,714.60 from the Mechanics Bank owned account to the Trustee (the "**Mechanics Bank Funds**").

155.     The Mechanics Bank account records show that, on or about April 18, 2023, Mechanics Bank made a number of transfers from the Mechanics Bank accounts to an account ending in 02099 (the "**2099 Account**").   On information and belief, the 2099 Account is the account that held some or all of the Mechanics Bank Funds before they were transferred to the Trustee.

156.     On information and belief, the Mechanics Bank Funds consist entirely of funds that were assets of the Debtors and that were originally deposited into the Debtors' bank accounts at Mechanics Bank, and on which RAF had a perfected security interest.

157.     In mid-April 2023, McClain committed suicide.

158.     RAF is owed in excess of $50 million by the Debtors and McClain.

159.     In April 2023, the Dealer Trust Claimants began filing claims (the "**Claims**") with the United States Department of Agriculture ("**USDA**") under 7 U.S.C. § 217b (the "**Dealer Trust Statute**").

160.     To date, the filed Claims exceed $122 million.

161.     The USDA conducted a rigorous review and analysis of the Claims.

162.     Despite the more than $122 million in Claims filed, the USDA has determined that only thirteen (13) of the Claims, amounting to $2,930,940.33 in total, were apparently valid under the Dealer Trust Statute (the "**Apparently Valid Claims**").

163.     The parties with Apparently Valid Claims are Defendants Acey Livestock, Bar D Ranch, Barrett's Livestock, Brooks Farms, Riley Livestock, Shaw Farms, and Starnes (the "**Apparently Valid Claimants**").

164.     The following is a listing of the alleged "Livestock Purchase Dates" and other information for the Apparently Valid Claims:

| Name of Seller | Amount | Livestock Purchase Date |
|---|---|---|
| Jeff Starns dba Starns Cattle | $30,006.43 | March 16, 2023 |
| Shaw & Shaw Farms Partnership LLC | $120,911.37 | March 16, 2023 |
| Bar D. Ranch Land & Cattle | $92,053.76 | March 21, 2023 |
| Don Ralph Barrett and Barrett's Livestock, Inc. | $96,862.41 | March 30, 2023 |
| Riley Livestock, Inc. | $431,020.97 | April 4, 2023 |
| Joanne and Keith Brooks, dba Brooks Farms | $141,260.26 | April 5, 2023 |
| Michael Acey and Acey Livestock LLC | $658,104.27 | April 7, 2023 |
| Michael Acey and Acey Livestock LLC | $862,203.48 | April 7, 2023 |
| Riley Livestock, Inc. | $234,981.76 | April 10, 2023 |
| Michael Acey and Acey Livestock LLC | $100,272.05 | April 12, 2023 |
| Joanne and Keith Brooks, dba Brooks Farms | $32,855.25 | April 12, 2023 |
| Riley Livestock, Inc. | $28,056.55 | April 14, 2023 |
| Michael Acey and Acey Livestock LLC | $102,351.77 | April 17, 2023 |

165.    All Claims that the USDA determined were not valid are herein referred to as the "**Non-Valid Claims**", and defendants with Non-Valid Claims are referred to herein as "**Non-Valid Claimants**".

166.    The USDA determined that the Non-Valid Claims were illegitimate under the Dealer Trust Statute because they were (1) untimely; (2) derived from cattle feeding arrangements and/or investments by the Dealer Trust Claimants and were not cash sales of cattle where the claimants had actually sold and delivered cattle to the Debtors; or (3) both.

167.    On information and belief, the Debtors' consolidated bankruptcy estate currently has $4,060,564.74 in cash assets, broken down by source as follows: (1) $835,560.05 from cattle

sales by Lonestar Stockyards, LLC (the "**Lonestar Funds**"); (2) $1,638,772.29 from cattle sales

by Blue Grass of Lexington, Kentucky (the "**Blue Grass Funds**"); (3) $91,507.10 from cattle sales

by MFI (the "**MFI Funds**" and, collectively, with the Lonestar Funds and the Blue Grass Funds,

the "**Cattle Sales Funds**"); (4) $80,010.70 from Chase Bank (the "**Chase Funds**"); and (5)

$1,414,714.60 from the Mechanics Bank Funds (collectively, with the Cattle Sales Funds and the

Chase Funds, the "**Estate Funds**").

168.    The Chase Funds are funds that RAF loaned directly to the Debtors after the Chief

Restructuring Officer was appointed, and are not proceeds from cattle sales.

169.    The Chase Funds are not subject to the Dealer Trust Statute, and the Dealer Trust

Claimants are not entitled to such funds.

170.    The Mechanics Bank Funds derived almost exclusively from cattle feeding

arrangements and/or investments by the Dealer Trust Claimants with the Debtors and/or McClain.

171.    The Mechanics Bank Funds are not proceeds of cattle sales.

172.    The Mechanics Bank Funds are not subject to the Dealer Trust Statute, and the

Dealer Trust Claimants are not entitled to such funds.

173.    RAF has a first position and perfected security interest in the Estate Funds.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

174.    RAF incorporates and realleges the allegations of the paragraphs above, as if fully

set forth herein.

175.    There exists an actual and live controversy between RAF, the Dealer Trust

Claimants, and the Trustee as to the proper recipient of the Estate Funds, the existence of any liens

or encumbrances against the Estate Funds, and the applicability of the Dealer Trust Statute.

176.     The Trustee and the Dealer Trustee Claimants contend that some or all of the Estate Funds are subject to the Dealer Trust Statute and should be distributed to the Dealer Trust Claimants.

177.     RAF contends that some or all of the Estate Funds are not subject to the Dealer Trust Statute and should be distributed to RAF, not the Dealer Trust Claimants, on account of RAF's perfected security interest in the Estate Funds.

178.     The Dealer Trust Statute became effective on December 27, 2020.

179.     RAF's loans and contractual rights with the Debtors and McClain predate the Dealer Trust Statute.

180.     Specifically, prior to December 27, 2020, the Debtors had granted RAF liens on essentially all of their personal property assets, including cattle and proceeds, and RAF had perfected its liens.

181.     Because RAF's loans and contractual rights predate the Dealer Trust Statute, the Dealer Trust Statute is inapplicable to RAF's loans and contractual rights and does not strip RAF of its first priority position in and to the Debtors' and McClain's assets.

182.     The Dealer Trust Statute is not retroactive.

183.     Applying the Dealer Trust Statute to the Estate Funds and distributing them to the Dealer Trust Claimants instead of RAF would result in an unconstitutional taking of RAF's collateral and contractual rights in violation of RAF's constitutional due process rights.

184.     RAF is therefore entitled to a declaratory judgment that (1) RAF has a first priority and perfected security interest in the Estate Funds; (2) the Estate Funds are not subject to the Dealer Trust Statute; (3) the Estate Funds will not be distributed to the Dealer Trust Claimants; and (4) the Estate Funds will be distributed to RAF.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

185.     RAF incorporates and realleges the allegations of the paragraphs above, as if fully set forth herein.

186.     There exists an actual and live controversy between RAF, the Dealer Trust Claimants, and the Trustee as to the proper recipient of the Estate Funds.

187.     To the extent the Dealer Trust Statute applies to RAF's loans and contractual rights with the Debtors and McClains, the Apparently Valid Claims are the only Claims that can be paid pursuant to the Dealer Trust Statute, and the Apparently Valid Claimants are the only Dealer Trust Claimants entitled to payment.  Further, the holders of the Apparently Valid Claims are the only parties whose rights and claims would be superior to RAF.

188.     The Non-Valid Claims are neither valid nor payable under the Dealer Trust Statute because they were (1) untimely; (2) derived from cattle feeding arrangements and/or investments by the Dealer Trust Claimants and were not cash sales of cattle protected by the Dealer Trust Statute; or (3) both.

189.     Alternatively, the Non-Valid Claims are invalid and not payable under the Dealer Trust Statute because the claimants on the Non-Valid Claims did not actually sell or deliver any cattle to the Debtors.

190.     In fact, the great majority of cattle that the Debtors told RAF were part of its collateral package and that the Debtors also told the Non-Valid Claimants were part of their investments or cattle feeding arrangements did not exist.

191.     Rather, the Debtors were engaging in a Ponzi and check-kiting scheme where, on paper, they represented that certain cattle were part of a particular transaction, even though those

20

cattle either did not exist or had already been "sold" many times over to other Non-Valid Claimants.

192.    In any event, the Non-Valid Claims are invalid because the holders of those claims cannot identify any actual cattle that they ever sold and delivered to the Debtors.  And they cannot identify such cattle because the cattle did not exist, except on paper as part of the Debtors' fraudulent scheme.

193.    The Non-Valid Claimants are not entitled to any portion of the Estate Funds under the Dealer Trust Statute, and the Apparently Valid Claims are the only valid Claims under the Dealer Trust Statute.

194.    Because the Chase Funds and the Mechanics Bank Funds are not proceeds or receivables from cattle cash sales, the Chase Funds and the Mechanics Bank Funds are not subject to the Dealer Trust Statute, and the Apparently Valid Claims cannot be paid from such funds.

195.    Instead, the Apparently Valid Claims can only be paid from a certain portion of the Cattle Sales Funds.

196.    Specifically, each of the Apparently Valid Claimants have asserted Claims against MFI and McClain.

197.    None of the Apparently Valid Claimants have asserted Claims against MFY.

198.    As such, the Apparently Valid Claimants can only recover cattle cash sale proceeds derived from the sale of MFI cattle.

199.    The only Estate Funds that were derived from the sale of MFI cattle are the Blue Grass Funds and the MFI Funds.

200.    The Lonestar Funds were derived from the sale of MFY cattle.

201.    Consequently, the Apparently Valid Claimants are not entitled to nor can they receive the Lonestar Funds.  Rather, the Lonestar Funds must be remitted to RAF.

202.    RAF is therefore entitled to a declaratory judgment that (1) the Apparently Valid Claims are the only valid Claims subject to the Dealer Trust Statute; (2) the Apparently Valid Claimants  are the only Dealer Trust Claimants entitled to payment under the Dealer Trust Statute; (3) the Non-Valid Claims are neither valid nor payable under the Dealer Trust Statute; (4) the Non-Valid Claimants are not entitled to any funds or payments under the Dealer Trust Statute; (5) the Cattle Sales Funds are the only funds subject to the Dealer Trust Statute; (6) the Chase Funds and the Mechanics Bank Funds are not subject to the Dealer Trust Statute; (7) the Apparently Valid Claimants can only receive payments from the Blue Grass Funds and the MFI Funds; (8) the Apparently Valid Claimants will not be paid from the Lonestar Funds, Chase Funds, or the Mechanics Bank Funds; and (9) RAF is entitled to receive the Lonestar Funds, the Chase Funds, and the Mechanics Bank Funds.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment)

203.    RAF incorporates and realleges the allegations of the paragraphs above, as if fully set forth herein.

204.    There exists an actual and live controversy between RAF, the Dealer Trust Claimants, and the Trustee regarding the validity of the Claims.

205.    Under the Dealer Trust Statute, "all livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers."  *See* 7 U.S.C. § 217b(a)(1).

22

Document       Page 23 of 25

206.     Thus, under the Dealer Trust Statute, no trust is created unless a cash seller actually sells and delivers cattle to a dealer.

207.     Under the Packers & Stockyards Act, payment on a cash sale is due "before the close of the next business day following the purchase of livestock and transfer of possession thereof . . ." 7 U.S.C. § 228b.

208.     Under the Dealer Trust Statute, an unpaid cash seller loses the benefit of the trust established by the Statute unless the unpaid cash seller provides written notice to the dealer and files a claim with the USDA "(1) within 30 days of the final date for making a payment under section 228b of this title in the event that a payment instrument has not been received; or (2) within 15 business days after the date on which the seller receives notice that the payment instrument promptly presented for payment has been dishonored."

209.     The USDA received the first Apparently Valid Claim on April 19, 2023.

210.     As noted above, the USDA's supporting detail for the Apparently Valid Claims indicates that the first "livestock purchase date" of the Apparently Valid Claims was March 16, 2023.

211.     Accordingly, March 16, 2023 is the first date upon which a trust could have arisen in this case, because that is the first date upon which a cash sale of cattle occurred and that the seller of such cattle would be entitled to a trust under the Dealer Trust Statute.

212.     Therefore, RAF is entitled to a declaratory judgment that (1) March 16, 2023 is the earliest date on which a trust under the Dealer Trust Statute was created; (2) March 16, 2023 is the earliest date on which an unpaid cash seller could benefit from the Dealer Trust Statute; and (3) any payments received by RAF on its loans to the Debtors prior to March 16, 2023 are not subject

to the Dealer Trust Statute or the Dealer Trust Claimants as a matter of law, regardless of the source of such payments.

## PRAYER FOR RELIEF

WHEREFORE, RAF prays for declaratory judgment in its favor, and against each of the Defendants, as follows:

a.       As to RAF's First Cause of Action, a declaratory judgment that (1) RAF has a first priority and perfected security interest in all of the Estate Funds; (2) the Estate Funds are not subject to the Dealer Trust Statute or, alternatively, that the rights of any Dealer Trust claimants are junior and inferior to the rights of RAF concerning the Estate Funds; (3) the Estate Funds will not be distributed to the Dealer Trust Claimants; and (4) the Estate Funds will be distributed to RAF as the holder of a perfected security interest on such funds;

b.       As to RAF's Second Cause of Action,  to the extent that the Dealer Trust is applicable to the Estate Funds, a declaratory judgment that (1) the Apparently Valid Claims are the only valid Claims subject to the Dealer Trust Statute; (2) the Apparently Valid Claimants are the only Dealer Trust Claimants entitled to payment under the Dealer Trust Statute; (3) the Non-Valid Claims are neither valid nor payable under the Dealer Trust Statute; (4) the Non-Valid Claimants are not entitled to any funds or payments under the Dealer Trust Statute; (5) the Cattle Sales Funds are the only funds subject to the Dealer Trust Statute; (6) the Chase Funds and the Mechanics Bank Funds are not subject to the Dealer Trust Statute; (7) the Apparently Valid Claimants can only receive payments from the Blue Grass Funds and the MFI Funds; (8) the Apparently Valid Claimants will not be paid from the Lonestar Funds, Chase Funds, or the Mechanics Bank Funds; and (9) RAF is entitled to receive the Lonestar Funds, the Chase Funds, and the Mechanics Bank Funds;

     c.     As to RAF's Third Cause of Action, a declaratory judgment that (1) March 16, 2023 is the earliest date on which a trust under the Dealer Trust Statute was created; (2) March 16, 2023 is the earliest date on which an unpaid cash seller could benefit from the Dealer Trust Statute; and (3) any payments received by RAF on its loans to the Debtors prior to March 16, 2023 are not subject to the Dealer Trust Statute or the Dealer Trust Claimants as a matter of law, regardless of the source of such payments;

     d.     For an award of attorneys' fees and costs incurred in bringing this action, to the extent authorized or allowed by law; and

     e.     For any and all other relief as may be available under the law and which the Court may deem just and proper.

DATED this 30th day of November, 2023.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

-and-

Michael R. Johnson (Pro Hac Vice)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

1654382