## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| **McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,** | CASE NO. 23-20084-rlj |
| Debtors.[1] | Jointly Administered |
| **RABO AGRIFINANCE LLC,** | |
| *Plaintiff,* | ADV. PROC. NO.  23-02005-rlj |
| v. | Honorable Robert L. Jones |
| **ACEY LIVESTOCK, LLC,** *et al.,* | |
| *Defendants.* | |

### DEFENDANTS'[2] ANSWER TO PLAINTIFF RABO AGRIFINANCE LLC'S FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

Defendants listed in Exhibit "1" (collectively, the "Defendants"), by and through their undersigned counsel, file their answer to Plaintiff Rabo AgriFinance LLC's First Amended Complaint for Declaratory Relief [Dkt. No. 3] (the "Complaint"), state and allege as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

[2] The list of the Defendants included in this Answer to Plaintiff Rabo Agrifinance LLC's First Amended Complaint and Request for Declaratory Relief is attached hereto as Exhibit "1" and incorporated herein by reference for all purposes.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint. Defendants deny and do not consent to the Court having jurisdiction over this Complaint. Defendants deny that Plaintiff is entitled to any relief in this case.

4.      Defendants deny the allegations contained in Paragraph 4 of the Complaint. Specifically, Defendants deny that this is a core proceeding defined under 28 U.S.C. § 157(b) and/or in the alternative requests the Judge of this Honorable Court determine whether this action is a core proceeding under 28 U.S.C. § 157(b)(3). Defendants intend to file a Motion for Withdraw of the Reference under 28 U.S.C. § 157(d) concurrently with the filing of this Answer.

5.      With respect to Paragraph 5, Defendants admit venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409, but deny that this Court has jurisdiction over this matter, and request the Court make a proper finding of jurisdiction prior to proceeding with the case on the merits.

6.      Paragraph 6 of the Complaint contains a statement of law which need not be admitted nor denied.

7.      Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8.      Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore deny the same.

9.      Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore deny the same.

10.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11.     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore deny the same.

15.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore deny the same.

16.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore deny the same.

17.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20.     Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

26.     Defendants admit the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore deny the same.

30.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore deny the same.

31.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint and therefore deny the same.

37.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore deny the same.

42.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore deny the same.

43.     Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore deny the same.

46.     Defendants admit that the Gene Brookshire Family, LP is a limited partnership as alleged in Paragraph 46 of the Complaint, but deny that it is based out of Crosby, Texas.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants admit the allegations in Paragraph 48 of the Complaint.

49.     Defendants admit the allegations in Paragraph 49 of the Complaint.

50.     Defendants admit the allegations in Paragraph 50 of the Complaint.

51.     Defendants admit the allegations in Paragraph 51 of the Complaint.

52.     Defendants admit the allegations in Paragraph 52 of the Complaint.

53.     Defendants admit the allegations in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations in Paragraph 54 of the Complaint.

55.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint and therefore deny the same.

56.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore deny the same.

57.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

58.     Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint and therefore deny the same.

60.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore deny the same.

61.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint and therefore deny the same.

62.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore deny the same.

63.     Defendants admit the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint and therefore deny the same.

65.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint and therefore deny the same.

66.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint and therefore deny the same.

67.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint and therefore deny the same.

68.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint and therefore deny the same.

69.     Defendants admit the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants admit the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 76 of the Complaint and therefore deny the same.

77.     Defendants admit the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants admit the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants admit the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants admit the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 81 of the Complaint and therefore deny the same.

82.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint and therefore deny the same.

83.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 83 of the Complaint and therefore deny the same.

84.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 84 of the Complaint and therefore deny the same.

85.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 85 of the Complaint and therefore deny the same.

86.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 86 of the Complaint and therefore deny the same.

87.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 87 of the Complaint and therefore deny the same.

88.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 88 of the Complaint and therefore deny the same.

89.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 89 of the Complaint and therefore deny the same

90.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 90 of the Complaint and therefore deny the same.

91.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 91 of the Complaint and therefore deny the same.

92.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 92 of the Complaint and therefore deny the same.

93.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 93 of the Complaint and therefore deny the same.

94.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 94 of the Complaint and therefore deny the same.

95.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 95 of the Complaint and therefore deny the same.

96.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 96 of the Complaint and therefore deny the same.

97.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 97 of the Complaint and therefore deny the same.

98.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 98 of the Complaint and therefore deny the same.

99.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 99 of the Complaint and therefore deny the same.

100.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint and therefore deny the same.

101.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 101 of the Complaint and therefore deny the same.

102.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 102 of the Complaint and therefore deny the same.

103.    Defendants admit the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants admit the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants admit the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants state that the correct name of the entity is Scott Livestock Company, Inc. and not 'Scott Livestock Company". Defendants admit the remainder of the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 107 of the Complaint and therefore deny the same.

108.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 108 of the Complaint and therefore deny the same.

109.    Defendants admit the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 110 of the Complaint and therefore deny the same.

111.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 111 of the Complaint and therefore deny the same.

112.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 112 of the Complaint and therefore deny the same.

113.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 113 of the Complaint and therefore deny the same.

114.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 114 of the Complaint and therefore deny the same.

115.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 115 of the Complaint and therefore deny the same.

116.    Defendants admit the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 117 of the Complaint and therefore deny the same.

118.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 118 of the Complaint and therefore deny the same.

119.    Defendants admit the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants admit the allegations contained in Paragraph 120 of the Complaint.

121.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 121 of the Complaint and therefore deny the same.

122.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 122 of the Complaint and therefore deny the same.

123.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 123 of the Complaint and therefore deny the same.

124.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 124 of the Complaint and therefore deny the same.

125.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 125 of the Complaint and therefore deny the same.

126.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 126 of the Complaint and therefore deny the same.

127.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 127 of the Complaint and therefore deny the same.

128.    Defendants admit the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants admit the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants admit the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants admit the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 132 of the Complaint and therefore deny the same.

133.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 133 of the Complaint and therefore deny the same.

134.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 134 of the Complaint and therefore deny the same.

135.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 135 of the Complaint and therefore deny the same.

136.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 136 of the Complaint and therefore deny the same.

137.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 137 of the Complaint and therefore deny the same.

138.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 138 of the Complaint and therefore deny the same.

139.     Defendants admit the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 140 of the Complaint and therefore deny the same.

## GENERAL ALLEGATIONS

141.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 141 of the Complaint and therefore deny the same.

142.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 142 of the Complaint and therefore deny the same.

143.     Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 144 of the Complaint and therefore deny the same.

145.     Defendants admit the allegations in Paragraph 145 to the extent that Rabo alleges it conducted a collateral inspection in early 2023. The remainder of Paragraph 145 is denied.

146.    Defendants admit that they are now aware that McClain was engaged in a multi-million dollar Ponzi and check kiting scheme, but deny the remainder of Paragraph 146.

147.    Defendants admit the allegations set forth in Paragraph 147 of the Complaint.

148.    Defendants admit the allegations in Paragraph 148 to the extent that they are aware of the existence of Deposit Control Agreements ("DACAs") between Rabo, Mechanics Bank and the Debtors.  However, Defendants deny that the DACAs created a first priority security interest in the Debtors' accounts with Mechanics Bank.  Defendants do not have sufficient information as to the contents of Rabo's loan and security documents to either admit or deny their contents, or what interest was created through them.

149.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 149 of the Complaint and therefore deny the same.

150.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 150 of the Complaint and therefore deny the same.

151.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 151 of the Complaint and therefore deny the same.

152.    With regard to Paragraph 152, Defendants admit the Mechanics Bank accounts were frozen, but do not have sufficient knowledge to admit or deny whether Mechanics Bank did or did not remit any funds to Rabo. Defendants admit that a series of reversals and charges hit the accounts, but do not have sufficient information to admit or deny the reason Mechanics Bank took the accounts offline.

153.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 153 of the Complaint and therefore deny the same.

154.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 154 of the Complaint and therefore deny the same.

155.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 155 of the Complaint and therefore deny the same.

156.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 156 of the Complaint and therefore deny the same.

157.    Defendants admit that on April 18, 2023, Brian McClain passed away.

158.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 158 of the Complaint and therefore deny the same.

159.    Defendants admit the allegations set forth in Paragraph 159 of the Complaint.

160.    Defendants admit the allegations set forth in Paragraph 160 of the Complaint.

161.    Defendants admit Paragraph 161 to the extent that the USDA conducted a review and analysis of the claims, but deny any allegation as to the "rigorousness" or quality of said review.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint. Based on Notice of USDA Approved Trust Claims filed by Kent Ries, Trustee of the Chapter 7 Bankruptcy Estates [Doc. 126], ten (10) claims were apparently deemed valid by USDA, totaling an amount of $2,687,968.77.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint. Based on the Notice of USDA Trust Claims filed by the Trustee, the parties with apparently valid claims were Acey Livestock, LLC, Barrett's Livestock Inc., JoAnn & Keith Brooks d.b.a. Brooks Farms, and Riley Livestock, Inc.

164.     Defendants deny the allegations contained in Paragraph 164 of the Complaint. Further, Defendants deny, and makes no stipulations as to the validity or finality of the USDA's determination on the Apparently Valid Claims or Claimants.

165.     Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.     Defendants deny the allegations contained in Paragraph 166 of the Complaint. To date, USDA has provided no analysis or supporting evidence regarding any of its determinations regarding its Trust Claims Analysis.

167.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 167 of the Complaint and therefore deny the same.

168.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 168 of the Complaint and therefore deny the same.

169.     Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 170 of the Complaint and therefore deny the same.

171.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 171 of the Complaint and therefore deny the same.

172.     Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations contained in Paragraph 173 of the Complaint.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

174.     Defendants incorporate their responses to all proceeding paragraphs of this Answer as if fully realleged herein.

175.     Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.     Defendants admit the allegations contained in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.     Defendants admit the allegations set forth in Paragraph 178 of the Complaint.

179.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 179 of the Complaint and therefore deny the same.

180.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 180 of the Complaint and therefore deny the same.

181.     Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182.     Defendants generally admit Paragraph 182, but assert the trier of fact must make a determination as to the applicability of the exact terms of the Dealer Trust Statute to the claims in this case.

183.     Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in Paragraph 184 of the Complaint.

### SECOND CAUSE OF ACTION
#### (Declaratory Judgment)

185.     Defendants incorporate their responses to all proceeding paragraphs of this Answer as if fully realleged herein.

186.     Defendants admit the allegations set forth in Paragraph 186 of the Complaint, but deny that the Court has jurisdiction to determine the controversy between the parties.

187.     Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188.     Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.     Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 190 of the Complaint and therefore deny the same.

191.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 191 of the Complaint and therefore deny the same.

192.     Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193.     Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.     Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 196 of the Complaint and therefore deny the same.

197.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 197 of the Complaint and therefore deny the same.

198.     Defendants deny the allegations contained in Paragraph 198 of the Complaint.

199.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 199 of the Complaint and therefore deny the same.

200.     Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 200 of the Complaint and therefore deny the same.

201.     Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.     Defendants deny the allegations contained in Paragraph 202 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment)**

203.     Defendants incorporate their responses to all proceeding paragraphs of this Answer as if fully realleged herein.

204.     Defendants admit the allegations set forth in Paragraph 204 of the Complaint, but deny that the Court has jurisdiction to determine the controversy between the parties .

205.    Defendants admit the allegations set forth in Paragraph 205 of the Complaint but denies that there is any legal or factual basis for the relief requested or that Plaintiff is entitled to any relief in this case.

206.    Defendants assert that Paragraph 206 of the Complaint contains a question of law for a court of competent jurisdiction, which need not be admitted or denied.

207.    Paragraph 207 contains a statement of law which need not be admitted nor denied.

208.    Paragraph 208 contains a statement of law which need not be admitted nor denied.

209.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 209 of the Complaint and therefore deny the same.

210.    Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 210 of the Complaint and therefore deny the same.

211.    Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212.    Defendants deny the allegations contained in Paragraph 212 of the Complaint.

Response to Payer for Relief. With respect to the prayer for relief in the Complaint (including each subpart thereof), Defendants deny that there is any legal or factual basis for the relief requested or that Plaintiff is entitled to any relief in this case.

Each and every remaining allegation set forth in the Compliant not expressly admitted herein is denied.

## DENIAL OF JURISDICTION

Defendants do not consent to the entry of final orders and judgments by the Bankruptcy Court. Pursuant to the Seventh Amendment to the United States Constitution and corresponding provisions of the Texas Constitution, applicable federal laws and statutes and Federal Rule of Civil

Procedure 38, Defendants hereby demand a trial by jury of all facts, issues and claims triable by right in this action to a jury.

## AFFIRMATIVE DEFENSES

Without admitting liability as to any of the Plaintiff's causes of action, Defendants assert the following additional defenses and other matters.

1.      Declaratory relief is not appropriate as a justiciable controversy is not present. As of the filing of the Complaint, there has been no formal agency determination or action regarding the USDA's "final" determination of the apparently valid claims made under 7 U.S.C. § 217b. The "Apparently Valid Claims" represented by Plaintiff were attached as a spreadsheet that USDA apparently provided to the Bankruptcy Trustee, that he then filed as his Notice of USDA Approved Trust Claims [Dkt. 126]. Moreover, the Bankruptcy Trustee himself has admitted in prior status conferences before this Court that the funds that may ultimately fund the Dealer Trust in this case will likely increase if a trustee were to act on behalf of the Dealer Trust to recover funds. Until these issues are resolved, Plaintiff's claims are merely theoretical.

2.      Plaintiff's claims are barred as the funds received by the Bankruptcy Trustee constitute trust funds pursuant to 7 U.S.C. § 217b and are not property of the bankruptcy estate.

3.      Defendants reserve the right to amend this Answer, and/or add additional defenses or assert claims or counterclaims or other matters, as allowed by the federal rules and as discovery proceeds. By serving this answer, Defendants are not waiving their right to bring any claims or counterclaims against Plaintiff at a later time.

WHEREFORE, Defendants respectfully request that the Court enter judgment in Defendants' favor, that the Plaintiff take nothing by virtue of the Complaint, and for such other relief as to which it may be entitled.

19

Respectfully submitted,

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas  79105-5008
(806) 468-3300; (806) 373-3454 FAX


*/s/ John Massouh*
John Massouh

And

Abel A. Leal, SBN 24026989
Of Counsel
abel@ssbtxlaw.com
SIMMONS SMITH BROWN, PLLC
8144 Walnut Hill Lane
Suite 1080
Dallas, Texas 75231
Tel. 214-395-5325
Cody Simmons, SBN 24027981
cody@ssbtxlaw.com
400 13th Street
Canyon, Texas 79015
Tel. 806-476-5090

*Attorneys For Defendants Listed on Exhibit "1"*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, the foregoing document was served on all parties entitled to service via the Court's CM/ECF system. A copy has also been served by electronic mail to the following:

Thomas C. Riney
tom.riney@uwlaw.com
W. Heath Hendricks
heath.hendricks@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101

Michael R. Johnson
mjohnson@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

***ATTORNEYS FOR PLAINTIFF RABO AGRIFINANCE LLC***

*/s/ John Massouh*
John Massouh

| First Name | Last Name | Entity Name | City | State | Zip |
|---|---|---|---|---|---|
| Dennis | Buss | | Tonkawa | OK | 74653 |
| Ed | Busss | Buss Family Trust | Shawnee | OK | 74084 |
| Eddie | Bryant | | Prosper | TX | 75078 |
| Robert E. | Gray | | Ralston | OK | 74650 |
| Ronnie | Gray | | Ralston | OK | 74650 |
| Robert E. & Ronnie | Gray | Gray Brothers | Ralston | OK | 74650 |
| Craig & Amy | Sutton | | Allen | TX | 75002 |
| Steve | Ryan | | Yukon | OK | 73099 |
| Janice E. | Lawhon | | Blackwell | OK | 74631-4309 |
| AJ | Jacques | AJ Jacques Living Trust | Stillwater | OK | 74074 |
| Bradley | Gungoll | Gungoll Cattle Co., LLC | Stillwater | OK | 74074 |
| Leah | Gungoll | c/o Bradley Gungoll | Stillwater | OK | 74074 |
| Jan | Lesh | Morrison Café, LLC | Perry | OK | 73077 |
| Jan | Lesh | Lesh Family Trust | Perry | OK | 73077 |
| Jan & Gary | Lesh | | Perry | OK | 73077 |
| Jordan | Lesh | Jordan Lesh, LLC | Perry | OK | 73077 |
| Jared | Lesh | | Whitesboro | TX | 76273 |
| Joel | Brookshire | | Crosby | TX | 77532 |
| Joel | Brookshire | Gene Brookshire Family, LP | Lufkin | TX | 75901 |
| Bryan | Blackman | | Healdton | OK | 73438 |
| Douglass | Finley | | Tulsa | OK | 74135 |
| Colton | Long | Scarlet and Black Cattle, LLC | Amarillo | TX | 79119 |
| Steve | Scott | Steve T Scott Farm Inc. | West Point | MS | 39773 |
| Steve | Scott | Scott Livestock Company Inc. | West Point | MS | 39773 |
| Dr. Arnold | Braun | Arnold Braun Trust | Grandview | IN | 47615 |
| Robert | Braun | | Evanston | IN | 47531 |
| Jim | Rininger | | Rockport | IN | 47635 |
| Robert | Spring | | Edmond | OK | 73083 |
| Michael & Miranda | Evans | | Clinton | KY | 42031 |
| Charles | Lockwood | | Ringling | OK | 73456 |
| Cole | Lockwood | | Ringling | OK | 73456 |
| Sherle | Lockwood | | Ringling | OK | 73456 |
| Nikki | Lockwood | | Ringling | OK | 73456 |
| Lyndal | Van Buskirk | | Ringling | OK | 73456 |
| Janet | Van Buskirk | | Ringling | OK | 73456 |
| Colby & Susan | Van Buskirk | | Ringling | OK | 73456 |
| Jimmy | Greer | | Murray | KY | 42071 |
| Dustin | Johnson | | Mccool | MS | 39108 |
| Dora | Blackman | | Orlando | OK | 73073 |

**Exhibit**

**1**