David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Rachel Barr, SBN 24118185
rbarr@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR*
*THORLAKSON DIAMOND T FEEDERS, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Case No. 23-20084-rlj<br>Chapter No. 7<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ACEY LIVESTOCK, LLC et al.<br><br>*Defendants*. | Adversary No. 23-02005-rlj<br><br>Honorable Robert L. Jones |

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**THORLAKSON DIAMOND T FEEDERS, L.P.'S ANSWER TO PLAINTIFF RABO AGRIFINANCE LLC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW, THORLAKSON DIAMOND T FEEDERS L.P., Defendant in Cause No. 23-02005, and Creditors in related, jointly administered, Cause No. 23-20084, hereinafter referred to as "Defendants" for the purposes herein, and file this, their Answer to Plaintiff Rabo AgriFinance, LLC's ("Rabo") First Amended Complaint for Declaratory Relief (the "Complaint") and respectfully show unto the Court the following:

**I.
ANSWER**

1. Defendant admits ¶ 1.

2. Defendant admits ¶ 2.

3. With respect to the statement of jurisdiction contained in paragraph 3, Defendant denies, and does not consent to jurisdiction of this Court.

4. With respect to paragraph 4, Defendant denies this is a core proceeding as defined under 28 U.S.C. § 157(b) and/or in the alternative requests the Judge of this Honorable Court determine whether this action is a core proceeding under 28 U.S.C. § 157(b)(3). Defendant shall file a Motion for Withdraw of the Reference under 28 U.S.C. § 157(d) concurrently with the filing of this Response.

5. With respect to paragraph 5, Defendants admit venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409, but denies this Court has jurisdiction over this matter, and requests the Court make a proper finding of jurisdiction prior to proceeding with the case on the merits.

6. Paragraph 6 contains a statement of law which need not be admitted nor denied.

7.    Paragraphs 7-122 of the Complaint contain identifying information for Rabo, and other parties made Defendants to this Adversary Proceeding. All Defendants aside from the responding Defendant herein shall be called the "other parties." Defendant does not have sufficient information to either admit or deny the allegations as it relates to the identifying information of the other parties.

8.    Defendant Thorlakson Diamond T Feeders, L.P. denies the allegations in Paragraph 123 and asserts that 'Thorlakson Diamond Feeders L.P.' is not the correct name of the party. Rather, their correct name is Thorlakson '**Diamond T'** Feeders, L.P. Defendant admits the remainder of paragraph 123.

9.    Paragraphs 124-138 of the Complaint contain identifying information for the other parties made Defendants to Cause No. 23-02005. Defendant does not have sufficient information to either admit or deny the allegations as it relates to the identifying information of the other parties.

10.   Defendant admits ¶ 139.

11.   Paragraph 140 does not contain any allegations against Defendant and is therefore neither admitted nor denied.

12.   Defendant lacks sufficient information to admit or deny paragraph 141.

13.   Defendant lacks sufficient information to admit or deny paragraph 142.

14.   Defendant denies ¶ 143.

15.   Defendant denies ¶ 144.

16.   Defendant admits the allegations in paragraph 145 to the extent that Rabo alleges it conducted a collateral inspection in early 2023. The remainder of paragraph 145 is denied.

17. Defendant admits that McClain had engaged in a multi-million-dollar Ponzi and check kiting scheme, but denies the remainder of paragraph 146.

18. Defendant admits ¶ 147.

19. Defendant admits the allegations in paragraph 148 to the extent they are aware of the existence of Deposit Control Agreements ("DACAs") between Rabo, Mechanics Bank, and the Debtors. However, Defendant denies that the DACA created a first priority security interest in the Mechanic's accounts. Defendant does not have sufficient information as to the contents of Rabo's loan and security documents to either admit or deny their contents, or what interest(s) were created through them.

20. Defendant does not have sufficient information to admit or deny paragraph 149.

21. Defendant does not have sufficient information to admit or deny paragraph 150.

22. Defendant does not have sufficient information to admit or deny paragraph 151.

23. With regard to paragraph 152, Defendant admits the Mechanics Bank accounts were frozen, but does not have sufficient knowledge to admit or deny whether Mechanics Bank did or did not remit any funds to Rabo. Defendant admits that a series of reversals and charges hit the accounts but does not have sufficient information to admit or deny the reason Mechanics Bank took the accounts offline.

24. Defendant does not have sufficient information to admit or deny paragraph 153.

25. Defendant does not have sufficient information to admit or deny paragraph 154.

26. Defendant does not have sufficient information to admit or deny paragraph 155.

27. Defendant denies ¶ 156.

28. Defendant admits ¶ 157.

29. Defendant does not have sufficient information to admit or deny paragraph 158.

30. Defendant admits ¶ 159.

31. Defendant admits ¶ 160.

32. Defendant admits paragraph 161 to the extent that the USDA conducted a review and analysis of the claims, but denies any allegation as to the "rigorousness" or quality of said review.

33. Defendant admits paragraph 162 to the extent that the USDA filed documents which evidenced claimants who had "Apparently Valid Claims," but deny, and make no stipulations as to the validity or finality of the USDA's determination on who had "Apparently Valid Claims."

34. Defendant admits paragraph 163 to the extent that the USDA published a list of those whom it believed had valid claims, but deny, and make no stipulations as to the validity or finality of the USDA's determination on who had "Apparently Valid Claimants."

35. Defendant denies paragraph 164. Further, Defendant denies, and makes no stipulations as to the validity or finality of the USDA's determination on the Apparently Valid Claims or Claimants.

36. Defendant admits paragraph 165 to the extent that the USDA did not find all claims submitted to be valid. Defendant denies the validity of the apparently valid claims. The remainder of paragraph 165 does not contain any allegations to be admitted nor denied.

37. With respect to Paragraph 166, Defendant admits the USDA determined some claims were not valid, and that the USDA filed reasons for their findings, but Defendant denies, and make no stipulations as to the validity or finality of the USDA's determination on the Apparently Valid Claims or Claimants.

38. Defendant does not have sufficient information to admit or deny paragraph 167.

5

39. Defendant does not have sufficient information to admit or deny paragraph 168.

40. Defendant denies ¶ 169.

41. Defendant does not have sufficient information to admit or deny paragraph 170.

42. Defendant does not have sufficient information to admit or deny paragraph 171.

43. Defendant denies ¶ 172.

44. Defendant denies ¶ 173.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

45. Paragraph 174 incorporates by reference all preceding paragraphs, to which Defendant incorporates by reference all related responses set forth above herein.

46. Defendant admits ¶ 175.

47. Defendant admits ¶ 176.

48. Defendant denies ¶ 177.

49. Defendant admits ¶ 178.

50. Defendant does not have sufficient information to admit or deny paragraph 179.

51. Defendant does not have sufficient information to admit or deny paragraph 180.

52. Defendant denies ¶ 181.

53. Defendant generally admits paragraph 182, but asserts the trier of fact must make a determination as to the applicability of the exact terms of the Dealer Trust Statute to the claims in this case.

54. Defendant denies ¶ 183.

55. With respect to paragraph 184, Defendant admits Rabo is entitled to bring a declaratory judgment action to determine their rights, but the remaining allegations contain requests for relief which Defendant neither admits nor denies.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

56. Paragraph 185 incorporates by reference all preceding paragraphs, to which Defendant incorporates by reference all related responses set forth above herein.

57. Defendant admits ¶ 186.

58. Defendant denies ¶ 187.

59. Defendant denies ¶ 188.

60. Defendant denies ¶ 189.

61. Defendant does not have sufficient information to admit or deny paragraph 190.

62. Defendant admits paragraph 191 to the extent Defendant is aware the Debtors were engaging in a Ponzi and check-kiting scheme, but does not have sufficient information to admit or deny the remainder of paragraph 191.

63. Defendant denies ¶ 192.

64. Defendant denies ¶ 193.

65. Defendant denies ¶ 194.

66. Defendant denies ¶ 195.

67. Defendant does not have sufficient information to admit or deny paragraph 196.

68. Defendant does not have sufficient information to admit or deny paragraph 197.

69. Defendant denies ¶ 198.

70. Defendant does not have sufficient information to admit or deny paragraph 199.

71. Defendant does not have sufficient information to admit or deny paragraph 200.

72. Defendant denies ¶ 201.

73. Defendant denies ¶ 202.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment)

74. Paragraph 203 incorporates by reference all preceding paragraphs, to which Defendant incorporates by reference all related responses set forth above herein.

75. Defendant admits ¶ 204.

76. Paragraph 205 contains a statement of law which need not be admitted nor denied.

77. Defendant neither admits nor denies paragraph 206 and would respectfully assert it contains a question of law for a court of competent jurisdiction to determine.

78. Paragraph 207 contains a statement of law which need not be admitted nor denied.

79. Paragraph 208 contains a statement of law which need not be admitted nor denied.

80. Defendant does not have sufficient information to admit or deny paragraph 209.

81. Defendant does not have sufficient information to admit or deny paragraph 210.

82. Defendant denies ¶ 211.

83. Defendant denies ¶ 212.

84. With respect to Rabo's Prayer for Relief in the Complaint (including each subpart thereof), Defendant denies there is any legal or factual basis for the relief requested or that Plaintiff is entitled to any relief in this case.

85. Each and every remaining allegation set forth in the Complaint not expressly admitted is herein denied.

## **DENIAL OF JURISDICTION**

86. Defendant does not consent to the entry of final orders and judgments by the Bankruptcy Court. Pursuant to the Seventh Amendment to the United States Constitution and

corresponding provisions of the Texas Constitution, applicable federal laws and statutes and Federal Rule of Civil Procedure 38, Defendant hereby demands a trial by jury of all facts, issues and claims triable by right in this action to a jury.

## **AFFIRMATIVE DEFENSES**

Without admitting liability as to any of the Plaintiff's causes of action, Defendant asserts the following additional defenses and other matters.

1. Declaratory relief is not appropriate as a justiciable controversy is not present. As of the filing of the Complaint, there has been no formal agency determination or action regarding the USDA's "final" determination of the apparently valid claims made under 7 U.S.C. § 217b. The "Apparently Valid Claims" represented by Plaintiff were attached as a spreadsheet that USDA apparently provided to the Bankruptcy Trustee, that he then filed as his Notice of USDA Approved Trust Claims [Dkt. 126]. Moreover, the Bankruptcy Trustee himself has admitted in prior status conferences before this Court that the funds that may ultimately fund the Dealer Trust in this case will likely increase if a trustee were to act on behalf of the Dealer Trust to recover funds. Until these issues are resolved, Plaintiff's claims are merely theoretical.

2. Plaintiff's claims are barred as the funds received by the Bankruptcy Trustee constitute trust funds pursuant to 7 U.S.C. § 217b and are not property of the bankruptcy estate.

3. Defendant reserves the right to amend this Answer, and/or add additional defenses or assert claims or counterclaims or other matters, as allowed by the federal rules and as discovery proceeds. By serving this answer, Defendant does not waive their right to bring any claims or counterclaims against Plaintiff at a later time.

*/intentionally left blank/*

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant prays the relief which Plaintiff Rabo AgriFinance, LLC seeks be denied, and to any such other and further relief, in law, or in equity, to which Defendant may show itself justly entitled.

Submitted this the 5th day of March, 2024.

**NAMAN HOWELL SMITH & LEE PLLC**
8310 N. Capital of Texas Highway, Suite 490
Austin, TX  78731
Ph. 512-479-0300
Fax 512-474-1901

*/s/ David LeBas*
David L. LeBas
SBN:12098600
Rachel E. Barr
SBN: 24118185
E-mail: dlebas@namanhowell.com
E-mail: rbarr@namanhowell.com

**ATTORNEYS FOR
THORLAKSON DIAMOND T FEEDERS, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2024, the foregoing document was served on all parties entitled to service via the Court's CM/ECF system. A copy has also been served by electronic mail to the following:

Thomas C. Riney
tom.riney@uwlaw.com
W. Heath Hendricks
heath.hendricks@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101

Michael R. Johnson
mjohnson@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

***ATTORNEYS FOR PLAINTIFF RABO AGRIFINANCE LLC***

/s/ David LeBas
David L. LeBas