IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants.*[2] | ADV. PROC. NO. 23-02005<br><br>Honorable Robert L. Jones |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

[2] The Defendants named in the Complaint are ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N. TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DEJARNETT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIVING TRUST; CORY JESKO; DWIGHT JESKO; JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY; NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANA; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWARD; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN;

**TRUSTEE'S ANSWER TO PLAINTIFF RABO AGRIFINANCE LLC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Kent Ries, the Chapter 7 Trustee of the above-captioned bankruptcy estates, files his Answer to Plaintiff Rabo Agrifinance LLC's First Amended Complaint for Declaratory Relief as follows:[3]

1. Paragraphs 1-5 of the First Amended Complaint for Declaratory Relief (Docket No. 3) (the "Amended Complaint") are admitted.

2. No response is required to paragraph 6 of the Amended Complaint.

3. The Trustee is without sufficient information to admit or deny the allegations in paragraphs 7-138 of the Amended Complaint.

4. The Trustee admits the allegations in paragraph 139 of the Amended Complaint.

5. No response is required to paragraph 140 of the Amended Complaint.

6. The Trustee is without sufficient information to admit or deny the allegations in paragraphs 141-145 of the Amended Complaint.

7. The Trustee admits the allegations regarding the Debtors engaging in a Ponzi and check kiting scheme in paragraph 146 of the Amended Complaint, but is without sufficient information to admit or deny the remaining allegations.

8. The Trustee admits the allegations in paragraph 147 of the Amended Complaint.

9. No response is required to paragraph 148 of the Amended Complaint.

---

AMY SUTTON, CRAIG SUTTON, TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBURKIRK; SUSAN VANBUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR., as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

[3] Any allegation not expressly admitted herein is deemed denied.

10. The Trustee is without sufficient information to admit or deny the allegations in paragraphs 149-153 of the Amended Complaint.

11. The Trustee admits the allegations in paragraph 154 of the Amended Complaint.

12. The Trustee is without sufficient information to admit or deny the allegations in paragraphs 155-156 of the Amended Complaint.

13. The Trustee admits the allegations in paragraph 157 of the Amended Complaint.

14. The Trustee is without sufficient information to admit or deny the allegations in paragraph 158 of the Amended Complaint.

15. The Trustee admits the allegations in paragraph 159-160 of the Amended Complaint.

16. The Trustee generally admits but is without sufficient information to admit or deny the allegations of "rigorous" in paragraph 161 of the Amended Complaint.

17. The Trustee admits the allegations in paragraphs 162-165 of the Amended Complaint.

18. The Trustee generally admits the allegations in paragraph 166 of the Amended Complaint, but is without sufficient information to admit or deny that the USDA determinations were limited to the described reasons.

19. The Trustee admits the allegations in paragraphs 167 of the Amended Complaint to the extent that the bank accounts he controls include the described deposits, but denies that this is an exclusive list of deposits and transactions in the bank accounts. Further, the Trustee has segregated funds in the various accounts between bankruptcy assets as opposed to USDA Dealer Trust assets.

20. The Trustee is without sufficient information to admit or deny the allegations in paragraphs 168 of the Amended Complaint.

21. The Trustee denies the allegations in paragraph 169-173 of the Amended Complaint.

22. No response is required to the allegations in paragraphs 174-212 or the prayer of the Amended Complaint.

23. The Trustee reserves all rights, including to amend or supplement this answer for any reason, including with respect to potential affirmative defenses, counterclaims, crossclaims, or third-party claims still under investigation and review by the Trustee.

Respectfully submitted,

Kent Ries, Attorney at Law
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440-Fax

By:  /s/ *Kent Ries*
     Kent Ries
     State Bar No. 1691450

GENERAL COUNSEL FOR TRUSTEE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 8th day of March 2024, a true and correct copy of this instrument was served by the Court's ECF system on parties entitled to notice thereof, including Plaintiff.

By:  */s/ Kent Ries*
     Kent Ries