IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants.*[2] | ADV. PROC. NO. 23-02005<br><br>Honorable Robert L. Jones |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

[2] The Defendants named in the Complaint are: ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N. TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DEJARNETT; DON JONES FARM, INC.; DON JONES

## ALTERNATIVE SCHEDULING ORDER

Rabo Agrifinance LLC's ("Plaintiff" or "RAF") First Amended Complaint for Declaratory Relief (Docket No. 3; the "Amended Complaint") asserts three causes of action against Defendants seeking declaratory relief as follows:

First Cause of Action

    a. RAF's loan documents create a first priority and perfected security interest in some or all all of the Estate Funds;

    b. Some or all of the Estate Funds (and any other funds of the Debtors' bankruptcy cases) are not subject to the Dealer Trust Statute or, alternatively, that the rights of any Dealer Trust Claimants are junior and inferior to the rights of RAF under its loan documents concerning the Estate Funds;

    c. some or all of the Estate Funds will not be distributed to the Dealer Trust Claimants;

    d. some or all of the Estate Fund will be distributed to RAF as the holder of a perfected security interest on such funds;

---

TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIVING TRUST; CORY JESKO; DWIGHT JESKO; JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY; NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANA; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWARD; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN; AMY SUTTON, CRAIG SUTTON, TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBURKIRK; SUSAN VANBUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR., as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

Second Cause of Action

To the extent that the Dealer Trust Statute is applicable to the Estate Funds:

e. the Apparently Valid Claims are the only valid Claims subject to the Dealers Trust Statute;

f. the Apparently Valid Claimants are the only Dealer Trust Claimants entitled to payment under the Dealer Trust Statute;

g. the Non-Valid Claims are neither valid nor payable under the Dealer Trust Statute;

h. the Non-Valid Claimants are not entitled to any funds subject to the Dealer Trust Statute;

i. the Cattle Sale Funds are the only funds subject to the Dealer Trust Statute;

j. the Chase Funds and the Mechanics Bank Funds are not subject to the Dealer Trust Statute;

k. the Apparently Valid Claimants can only receive payments from the Blue Grass Funds and MFI Funds;

l. the Apparently Valid Claimants will not be paid from the Lonestar Funds, Chase Funds, or the Mechanics Bank Funds;

m. RAF is entitled to receive the Lonestar Funds, the Chase Funds, and the Mechanics Bank Funds;

Third Cause of Action

n. March 16, 2023 was the earliest date on which a trust under the Dealer Trust Statute was created;

o. March 16, 2023 is the earliest date on which an unpaid cash seller could benefit from the Dealer Trust Statute; and

p. any payments received by RAF on its loans to the Debtors prior to March 16, 2023 are not subject to the Dealers Trust Statute or the Dealer Trust Claimants as a matter of law, regardless of the source of such payments.

Given the potential to expedite and economize the parties' and the Court's time and resources associated with this adversary proceeding, the Court elects to order a procedure for

discovery, address dispositive motions in phases, and abate the prosecution of certain requests for declaratory relief until certain rulings and determinations have been made. The first phase shall address the applicability, if any, of the Dealer Trust Statute to the Estate Funds and to the Debtors' bankruptcy cases generally (the "First Phase Issues"). The second phase shall address the validity of the asserted Claims under the Dealer Trust Statute if the Dealer Trust Statute is determined to apply (the "Second Phase Issues"). The third phase – all remaining requests for declaratory relief sought by RAF – shall be abated until the First Phase Issues and Second Phase Issues have been determined (the "Abated Third Phase Issues").[3]

The following actions shall be the Court's Alternative Scheduling Order:

First Phase Issues

| | |
|---|---|
| July 12, 2024 | Deadline for Plaintiff to file amended pleadings without leave. |
| August 2, 2024 | Deadline for Defendants to file amended pleadings without leave. |
| September 27, 2024 | Deadline for completion of all fact discovery related to the First Phase Issues. |
| October 4, 2024 | Deadline for Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the First Phase Issues. |
| November 1, 2024 | Deadline for Defendants' disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the First Phase Issues. |
| December 13, 2024 | Deadline for completion of all expert discovery related to the First Phase Issues. |
| January 10, 2025 | Deadline to object to any other party's expert witnesses related to the First Phase Issue. |
| January 31, 2025 | Deadline for motions for summary judgment or other dispositive motions related to the First Phase Issues. |

Second Phase Issues

---

[3] It is anticipated the parties will submit a separate Alternative Scheduling Order related to the Abated Third Phase Issues after the First Phase Issues and Second Phase Issues have been determined and the abatement related to the Abated Third Phase Issues is lifted.

| | |
|---|---|
| March 28, 2025 | Deadline for completion of all fact discovery related to the Second Phase Issues. This Order does not prevent the parties from conducting discovery related to the Second Phase Issues during the discovery for the First Phase Issues. |
| April 18, 2025 | Deadline for Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the Second Phase Issues. |
| May 16, 2025 | Deadline for Defendants' disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the Second Phase Issues. |
| June 28, 2025 | Deadline for completion of all expert discovery related to the Second Phase Issues. |
| July 25, 2025 | Deadline to object to any other party's expert witnesses related to the Second Phase Issue. |
| August 15, 2025 | Deadline for motions for summary judgment or other dispositive motions related to the Second Phase Issues. |
| To be determined | Within thirty (30) days of the Court's ruling on the First Phase Issues and, if necessary, the Second Phase Issues, the parties shall schedule a Joint Status / Scheduling Conference. At that time the parties will jointly submit or provide the Court with proposed Scheduling Order Deadlines for any remaining claims or issues related to the First Phase Issues and Second Phase Issues. It is anticipated that the proposed Scheduling Order Deadlines may include a Joint Pretrial Order in compliance with Local District Rule 16.4, a pretrial conference, a docket call, and trial date. |
| To be determined | Deadline for written proposed Findings of Fact and Conclusions of Law and for trial briefs addressing contested issues of law related to the First Phase Issues and Second Phase Issues. |
| To be determined | Pretrial Conference |
| To be determined | Docket Call |
| To be determined | Trial before the Honorable Robert L. Jones at J. Marvin Jones Federal Building, 205 Southeast Fifth Avenue, Amarillo, Texas. |

*******************************END OF ORDER*******************************

*Order Submitted by:*

/s/ Michael R. Johnson                           Dated:  April 1, 2024
Michael R. Johnson
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com