UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com

*Attorneys for Plaintiff Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br>v.<br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants.*[2] | **ADV. PROC. NO. 23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.
[2] The Defendants named in the Complaint are ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Federal Local Rules 7.1 and 56.3, Federal

Rule of Bankruptcy Procedure 7056, and Federal Bankruptcy Local Rules 7007-1, 7007-2, 7007-

3, and 7056-1, Plaintiff, Rabo AgriFinance LLC ("**RAF**"), through its counsel of record, hereby

files its motion for partial summary judgment.

## SUMMARY

This Adversary Proceeding was initiated to address the dispute between RAF, Defendants,

and the Trustee concerning Defendants' purported trust claims against certain Debtors that were

---

TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DeJARNATT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIIVING TRUST; CORY JESKO; DWIGHT JESKO, JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY;NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANO; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWART; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN; AMY SUTTON; CRAIG SUTTON; TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBUSKIRK; SUSAN VAN BUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR. as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

submitted to the United States Department of Agriculture ("**USDA**") under 7 U.S.C. § 217b (the "**Dealer Trust Statute**").

Under the Dealer Trust Statute, "all livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers." *See* 7 U.S.C. § 217b(a)(1). Payment on a cash sale is due "before the close of the next business day following the purchase of livestock and transfer of possession thereof." *Id.* § 228b(a). Accordingly, no trust is created unless a cattle owner actually sells and transfers possession of the cattle to a dealer, and then does not receive payment for the sold and delivered cattle. In order to receive the benefits of the Dealer Trust Statute, a purported unpaid cash seller of cattle is required to timely provide notice and documentation to the buyer/dealer and the USDA (a "**Dealer Trust Claim**") demonstrating that the seller is entitled to protection under the Dealer Trust Statute; i.e., the party owned cattle, sold the cattle to the dealer for cash, transferred possession of the cattle, and was not paid.

On June 9, 2023, with an update on October 12, 2023, the United States Department of Agriculture, Agricultural Marketing Service, Fair Trade Practice Program, Packers and Stockyards Division, issued its *Investigative Report Synopsis* (the "**USDA Report**"), wherein it identified certain trust claims against Debtors as "Non-Valid Claims." In connection with the USDA Report, the USDA also provided RAF and the Trustee with copies of the trust claim documents that were submitted by Defendants to the USDA.

In RAF's First Amended Complaint for Declaratory Relief (the "**Amended Complaint**"), and as clarified in Trustee and Rabo AgriFinance LLC's Stipulation Concerning Other Claims (the

"**Stipulation**"), RAF's Second Cause of Action seeks, among other things, the following declaratory relief:

1.  The Non-Valid Claims are neither valid nor payable under the Dealer Trust Statute;

2.  The Non-Valid Claimants are not entitled to any funds subject to the Dealer Trust Statute.

(*See* Amended Complaint; Stipulation.) RAF is seeking partial summary judgment on these two issues. The Dealer Trust Claims that are the subject of RAF's motion for partial summary judgment (the "**Challenged Claims**") fail to demonstrate that the defendants who submitted these claims (the "**Subject Defendants**") even owned cattle, let alone sold and transferred possession of cattle to Debtors such that they would trigger the protections of the Dealer Trust Statute. Furthermore, there are certain defendants who did not file any Dealer Trust Claim with the USDA (the "**Non-Filing Defendants**"), and partial summary judgment should be entered against them as well on the two issues above.

Pursuant to Local Rule 7056-1(c)(2), RAF states that each of the required matters for partial summary judgment are set forth in the accompanying brief. The brief incorporates and cites to an Appendix containing true and correct copies of the Challenged Claims, as well as a copy of the USDA Report. An inspection of the Challenged Claims, as outlined and argued in the brief, reveals that these claims are "invalid" under the Dealer Trust Statute as a matter of law. This finding is consistent with and further supported by the USDA Report.

Accordingly, RAF seeks partial summary judgment from the Court that the Challenged Claims are neither valid nor payable under the Dealer Trust Statute and the Subject Defendants

and Non-Filing Defendants are not entitled to any funds that may be subject to the Dealer Trust

Statute.

A proposed Order granting this Motion is attached hereto as Exhibit A.

DATED this 26th day of September 2024.

<div style="margin-left: 40%;">

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

Michael R. Johnson (Pro Hac Vice)
Matthew M. Cannon (Pro Hac Vice)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
Matthew M. Cannon

*Attorneys for Rabo AgriFinance LLC*

</div>

1683362

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I electronically filed the foregoing

**MOTION FOR PARTIAL SUMMARY JUDGMENT** with the United States Bankruptcy

Court for the Northern District of Texas by using the CM/ECF system which sent notice to all

registered ECF users in this case.

*/s/   Annette Sanchez* _____

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br>v.<br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants*.[2] | **ADV. PROC. NO. 23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

[2] The Defendants named in the Complaint are ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N. TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DeJARNATT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIIVING TRUST; CORY JESKO; DWIGHT JESKO, JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD;

**[PROPOSED] ORDER GRANTING PLAINTIFF RABO AGRIFINANCE LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on the *Motion for Partial Summary Judgment* (the "**Motion**")

filed on September 26, 2024, by Plaintiff Rabo AgriFinance LLC ("**RAF**"), which Motion seeks

summary judgment on RAF's Second Cause of Action against the Subject Defendants and Non-

Filing Defendants (as defined in the Motion) seeking, among other declaratory relief, the following

declaratory relief from the Court:

> 1. The Challenged Claims (as defined in the Motion) of the Subject
>    Defendants and any Dealer Trust Claims asserted by the Non-Filing
>    Defendants (as defined in the Motion) are neither valid nor payable under
>    the Dealer Trust Statute; and,
>
> 2. The Challenged Claims of the Subject Defendants and any Dealer Trust
>    Claims asserted by the Non-Filing Defendants are not entitled to any funds
>    subject to the Dealer Trust Statute.

The Court, having reviewed the Motion and all papers, pleadings, and exhibits filed in

support of and in opposition thereto, and after having duly considered the arguments and

representations of counsel at the hearing on the Motion, has determined, based upon the undisputed

---

NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY;NATALIE MARTUS; JEAN NIX; OPEN A
ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY
INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY
BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL
ASSET MANAGEMENT; JIM GIORDANO; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS;
STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK
COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J.
SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL
STEWART; SCOTT E. STEWART; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN;
AMY SUTTON; CRAIG SUTTON; TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS,
L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK;
LYNDAL VANBUSKIRK; SUSAN VAN BUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON;
NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY
ROBY RUSSELL, JR. as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE
HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS'
CONSOLIDATED BANKRUPTCY ESTATE.

2

material facts related to the Motion, that RAF's Motion is well-taken, and that RAF is entitled to the relief requested in the Motion as a matter of law.

Accordingly, based upon the foregoing and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      With respect to the Challenged Claims asserted by the Subject Defendants, the Court hereby finds and declares pursuant to 28 U.S.C. § 2201 as follows:

a.      The Challenged Claims of the Subject Defendants are neither valid nor payable under 7 U.S.C. § 217b, and the Subject Defendants have no rights or claims under that statute as it relates to the Debtors and their Chapter 7 bankruptcy estates; and,

b.      The Subject Defendants have no claim to any funds or other property impressed with or constituting the Dealer Trust established by 7 U.S.C. § 271b.

3.      With respect to any Dealer Trust Claims asserted by the Non-Filing Defendants, the Court hereby finds and declares pursuant to 28 U.S.C. § 2201 as follows:

a.      Any Dealer Trust Claims asserted by the Non-Filing Defendants are neither valid nor payable under 7 U.S.C. § 217b, and the Non-Filing Defendants have no rights or claims under that statute as it relates to the Debtors and their Chapter 7 bankruptcy estates; and,

b.      The Non-Filing Defendants have no claim to any funds or other property impressed with or constituting the Dealer Trust established by 7 U.S.C. § 271b.

4.      If and to the extent either the Subject Defendants or the Non-Filing Defendants have claims against the Debtors and their bankruptcy estates, those claims are at most general unsecured claims.

*******************************END OF ORDER*******************************

*Order Submitted by:*

/s/ Michael R. Johnson                          Dated:  September 26, 2024
RAY QUINNEY & NEBEKER
Michael R. Johnson (*Pro Hac Vice*)
15 West South Temple, Suite 1400
Salt Lake City, UT  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com