David L. LeBas, SBN 12098600
dlebas@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES*
*AGTEXAS, PCA AND*
*THORLAKSON DIAMOND T FEEDERS, LP*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>    Debtors. | Case No. 23-20084-rlj<br>Chapter No. 7<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>    *Defendants.* | **Adv. Proc. No. 23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

### SUPPLEMENTAL RESPONSE OF THORLAKSON DIAMOND T FEEDERS, LP TO RABO AGRIFINANCE LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 56, Federal Local Rules 7.1 and 56.5, Federal Rule of Bankruptcy Procedure 7056 and Federal Bankruptcy Local Rules 7007-2 and 7056-1,

Defendant Thorlakson Diamond T Feeders, LLC ("Thorlakson"), through its counsel of record, hereby files its supplemental response in opposition to the motion for partial summary judgment filed by Rabo AgriFinance LLC ("Rabo") [Docs. 190, 191].

For efficiency purposes, Thorlakson hereby incorporates its arguments made in response to the motion in Doc. 202 in its entirety, together with the arguments and brief contained within the Cattle Owner Defendants' Response to Rabo AgriFinance LLC's Motion for Partial Summary Judgment [Doc.205 Response; Doc. 206 Appendix], specifically Sections C and D.  Further, to the extent any portion of this argument relies on materials contained within the Appendix to Rabo Agrifinance LLC's Motion for Partial Summary Judgment relating to Thorlakson's Dealer Trust Claims [Doc. 192-4 at pp. 72-128], such materials are incorporated herein.  Finally, Thorlakson refers the Court to their Appendix to their proofs of claim filed in the bankruptcy proceedings that contain, among other things, their transaction documents relevant to their Dealer Trust claim and ask the court to take notice of the filed proofs of claim.  See 23-20084-rlj7, Claim No. 64; 23-20085-rlj7, Claim No. 68; 23-20084-rlj7, Claim No. 62.

**I.    A fact issue exists on whether Thorlakson's dealer trust claims are valid.**

Thorlakson submitted timely and accurate Dealer Trust claims against Debtors through the USDA claims process.  Rabo attempts, without any evidence, to assert that Thorlakson and other defendants never owned cattle and never sold their cattle through Debtors.  The evidence submitted in Rabo's Appendix, shows that Thorlakson bought cattle from Debtors, fed the cattle with Debtors, and then Debtors acted as a dealer and sold Thorlakson's cattle to third party feedyards.  Rabo Appx, Doc. 192-4 at 72-128.  The evidence shows payments to Debtors for the purchase of cattle, documents evidencing the feeding of the cattle, and then the ultimate sale of the cattle.  The

evidence at a minimum creates a fact issue as to the ownership, sale, and timeliness of the submitted claims, which are the three pillars Rabo contends warrant summary judgment.

Rabo knew from at least January 2021 that cattle at Debtors' facilities were owned by third parties and that Debtors sold the cattle to third parties and billed them for the purchase price. *See* Cattle Owner Defs.' Appx., Doc. 206 at Exhibits D, E. Rabo also knew that once the cattle were ready to leave Debtors' facilities and be sold to a feedyard, Debtors would sell the cattle on behalf of the owners and split the profits, *see* Rabo Appx., Doc. 192-4 at 77, 80-110 (even pages), 112-13, 116, and that neither the cattle nor the resulting proceeds were part of Rabo's collateral base. *See* Cattle Owner Defs.' Appx., Doc. 206 at Exhibits E, F. Yet, now Rabo contends that there was no sale to third parties like Thorlakson and that there was no subsequent sale by Debtors of those same cattle to third party feedyards. Therefore, Rabo's own internal analysis shows that Rabo knew when it was making its loans to the Debtor that this was the pattern that formed part of the business and course of dealing of the Debtors. It cannot maintain a contrary position now. Moreover, Rabo's argument does not identify which cattle were allegedly owned by the Debtor and which were not.

II.    **Conclusion**

Accordingly, because (a) Rabo lacks standing under bankruptcy law and the Dealer Trust Act to pursue its summary judgment, (b) fact issues remain as to whether Rabo may avoid Dealer Trust Act claims under the Act's safe harbor, (c) fact issues exist on whether Thorlakson's dealer trust claims are valid, and (d) the USDA's findings are not conclusive as issues for summary judgment are required to be, Rabo's motion for partial summary judgment must be denied.

DATED this 28th day of October, 2024.

Respectfully submitted,

        NAMAN HOWELL SMITH & LEE, PLLC
        8310 N. Capital of Texas Hwy., Suite 490
        Austin, Texas 78731
        (512) 479-0300
        (512) 474-1901 (FAX)
        Email:  dlebas@namanhowell.com

BY:    */s/ David L. LeBas*
        David L. LeBas
        State Bar No. 12098600

**ATTORNEYS FOR THORLAKSON DIAMOND T FEEDERS, LP, AGTEXAS FARM CREDIT SERVICES AND AGTEXAS PCA**

## Certificate of Service

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served through the Bankruptcy Court's Electronic Case Filing System upon counsel of record who have consented to such service on October 28, 2024.

        */s/ David L. LeBas*
        David L. LeBas