Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
Jobe Law PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 807-0563

SPECIAL COUNSEL TO THE TRUSTEE

| | |
|---|---|
| In re:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>   *Debtors*. | Chapter 7 Case<br>Case No. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants*. | ADV. PROC. NO. 23-02005-rlj<br>Honorable Robert L. Jones |

## TRUSTEE'S COMMENT TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 190)

COMES NOW, Kent Ries, Trustee ("Trustee") of the McClain Debtors and Bankruptcy Cases and files this Comment to Motion for Summary Judgment (Dkt. No. 190):

1.      As the Court is well-aware from prior proceedings, over 100 claimants have asserted claims against the McClain Debtors under 7 U.S.C. § 217b (the "Dealer Trust Statute"). The vast majority of these claimants appear to be passive investors who intended to invest money with the McClain Debtors in return for a purported split of profits from grown cattle. Based upon the Trustee's investigation thus far, it appears that virtually all of these investors did not: (i) actually take possession of cattle; (ii) visually confirm the actual existence of "their" cattle; (iii) require or confirm that they were segregated and not the subject of other investor deals; or (iv) obtain unique identifiers on "their" cattle that would enable a party to confirm any of the foregoing.

In many cases, the investor arrangements were based upon a written "partnership" agreement that varies somewhat in form, but generally contains terms like the following example:

### Cattle Feeding agreement

This agreement exists to identify the partnership of Brian McClain/McClain Feedyard/7M feeders, 2548 CR 15 Friona Tx. 79035, and Thorlakson Diamond T feeders who are involved in cattle feeding arrangement. The arrangement allows for Thorlakson Diamond T Feeder LP to purchase the calves from Brian McClain/Mclain Feedyard/7M feeders. At the time of purchase the cattle have also been contracted for sale at a pre-determined price. Brian McClain will grow the cattle to the desired weight and will cover the costs incurred to do so. These costs will include the feed and supplements provided by McClain Feedyard or 7M feeders, as well as all processing, medicine, trucking, and yardage expenses related to the cattle. Once the cattle have reached the desired weight, the profit will be determined as such:

*Sale price of the feeder cattle*

*Minus*

*Cost stated above that McClain incurs.*

*Minus*

*Original cost of the calves returned to Thorlakson Diamond T Feeders LP*

*Equals profit.*

*Profit divided 1/3 McClain and 2/3 Thorlakson Diamond T Feeders LP*

This agreement is for __408__ head of heifer calves at a total weight of __237,272__ lbs. at a price of __163.14__ per pound. They are lots __946__ and located at 7M feeders or McClain feeders. Total cost for this group of calves is $ __390,280.97__ which Thorlakson Diamond T Feeders has paid to McClain Feedyard or 7M feeders.

These feeder cattle are forward contracted to sell at $ __160.00__ per lb. at an average weight of __775__ lbs.

Tom Thorlakson

Thorlakson Diamond T Feeders LP

Date Signed __Dec 1, 2022__

Brian McClain

McClain Feedyard's/7M Feeders

2.      In other instances, the investor has not attached a partnership agreement to their claim and/or it appears that possibly no written agreement exists, and that the arrangement was based upon a verbal agreement with the McClain Debtors on essentially the same terms – sending the McClain Debtors money for cattle already purportedly owned by, and in the possession of, the McClain Debtors under an arrangement that the McClain Debtors would retain the cattle, grow them, and split the profit with the investor.

3.      The Trustee agrees with Rabo AgriFinance LLC that passive investor arrangements such as these do not qualify as claims under the Dealer Trust Statute.

4.      Procedurally, the investor-nature of these claims and the uncertainties with them qualifying under the Dealer Trust Statute have been referenced in numerous filings in the main case for the past year and the situation is well-known by all of these investor claimants.  From the summary judgment materials, it appears that the investor claimants are largely not attempting to prove up a different factual basis for their alleged Dealer Trust Statute Claims.  The Trustee agrees that these parties have had an opportunity to raise a fact issue by introducing evidence in addition to that attached to their claims, and that this is procedurally an appropriate time for the Court to disallow such investor claims as Dealer Trust Statute claims.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2024, a true and correct copy of the foregoing was served via the Court's ECF system on all parties requesting notice in this case, as well as the attorneys for the parties of record that have filed appearances.

*/s/ Hudson M. Jobe*
Hudson M. Jobe