Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

SPECIAL COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC., | CASE NO. 23-20084-rlj |
| | Jointly Administered |
| Debtors.[1] | |
| RABO AGRIFINANCE LLC, | |
| *Plaintiff,* | |
| v. | ADV. PROC. NO. 23-02005 |
| ACEY LIVESTOCK, LLC et al., | Honorable Robert L. Jones |
| *Defendants.* | |

**TRUSTEE'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS, ACEY LIVESTOCK, LLC; MICHAEL ACEY; BARRETT'S LIVESTOCK, INC.; AND DON RALPH BARRETT, ON FIRST PHASE ISSUES**

Kent Ries, Chapter 7 Trustee for the above-referenced Debtors, hereby files his Response to the Motion for Partial Summary Judgment by Defendants, Acey Livestock, LLC; Michael Acey; Barrett's Livestock, Inc.; and Don Ralph Barrett, on First Phase Issues as follows:

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

1

1. Movants' Motion includes a proposed order finding that:

   The livestock sales proceeds currently in the custody and control of the Trustee are subject to the Dealer Trust Statute;

   - And –

   The livestock sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors.

2. Movants' Motion does not appear to trace any particular funds that Movants contend are "livestock sales proceeds" other than referencing an unsupported conclusion of the USDA that "$2,475,756.21 in trust assets was collected from the liquidation of livestock inventory." The proposed order to the Motion additionally does not appear to include a finding as to any specific funds.

3. The Trustee agrees that the Dealer Trust Statue provides that

   All livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers…

4. The Trustee therefore agrees that qualified Dealer Trust claimants have a superior right to "[a]ll livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock" than the alleged liens of Rabo AgriFinance LLC.

5. The Trustee is currently holding funds from various sources. The Trustee disputes that, and believes it is outside of the scope of this Motion, which particular funds may constitute "proceeds from, [livestock purchased by a dealer in cash sales]." To the extent that is within the scope of the Motion, the Motion does not include any supporting documentation tracing funds to this particular source and the Trustee objects to any adjudication of this tracing issue.

6. Additionally, the Trustee does not agree with the language that any funds in the possession of the Trustee are "not assets of the bankruptcy estate" notwithstanding the cases cited by Movants. In the case of *In re Cherry Growers* (now reported at 576 B.R. 569, Bankr. W.D. Mich. 2017), the court held in the usage of cash collateral context that property subject to a PACA trust is considered property of the estate that can be utilized by a debtor because the interest of a PACA-claimant is essentially the same as a secured creditor, and the debtor could use such funds subject to providing adequate protection. This particular language ("livestock sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors") is arguably outside the scope of relief intended by the Motion - that qualified Dealer Trust claimants have a superior right to certain cash proceeds over the lien rights of Rabo AgriFinance LLC. To the extent that is incorrect, the Trustee objects to this finding in the proposed order to the extent contrary with the reasoning of *In re Cherry Growers*.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

SPECIAL COUNSEL FOR TRUSTEE

## **CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service on January 8, 2025.

                                                */s/ Hudson M. Jobe*