Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas  79109
Telephone:  (806) 374-2266
Facsimile:  (806) 374-9535
northernlegalpc@gmail.com

and

Joseph H. Mattingly III (Admitted *Pro Hac Vice*)
JOSEPH H. MATTINGLY III, PLLC
P.O. Box 678 – 104 West Main Street
Lebanon, Kentucky  40033
Telephone:  (270) 692-1718
Facsimile:  (270) 692-1249
Email:  *joe@mattinglylawoffices.com*

*Attorneys for Defendants, Acey Livestock, LLC; Michael Acey;
Barrett's Livestock, Inc.; and Don Ralph Barrett*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>**McCLAIN FEED YARD, INC.,<br>McCLAIN FARMS, INC., and<br>7M CATTLE FEEDERS, INC.,**<br><br>Debtors. | Chapter 7<br><br>CASE NO.:  23-20084-rlj<br>Jointly Administered |
| **RABO AGRIFINANCE LLC,**<br><br>Plaintiff,<br><br>**vs.**<br><br>**ACEY LIVESTOCK, LLC,** *et al.,*<br><br>Defendants | **ADV. PROC. NO:  23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

i

## REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST PHASE ISSUES

Come the Defendants, Acey Livestock, LLC, and Michael Acey (hereinafter "Acey"); and Barrett's Livestock, Inc., and Don Ralph Barrett (hereinafter "Barrett"), by counsel, and file this as their Reply to the Trustee's Response[1] to their Motion for Partial Summary Judgment as to the "First Phase Issues" described in this Court's Alternative Scheduling Order entered July 3, 2024 (DE #178).

In his Response, the Trustee makes limited objection to the pending Motion for Partial Summary Judgment on two grounds:

1. The Trustee argues that the scope of any Partial Summary Judgment entered with respect to First Phase Issues should reserve adjudication of what funds currently held by the Trustee are subject to the Dealer Trust Statute; and

2. The Trustee argues, contrary to the position asserted by Acey and Barrett, that even if funds he currently holds are subject to the Dealer Trust Statute, they are still assets of the bankruptcy estate.

As to the Trustee's first concern, Acey and Barrett agree that before distribution of assets by the Trustee to eligible Dealer Trust beneficiaries can be ordered, a later determination is required to identify which assets held by the Trustee are subject to the Dealer Trust Statute.[2] Acey

---

[1] A limited objection was also filed by other interested parties (Doc. #221) who, while otherwise supporting the pending Motion for Partial Summary Judgment on First Phase Issues, point out that no distribution from Dealer Trust Assets should be ordered until there has been an adjudication of what claimants are entitled to participate in such distribution. Presumably, the issue of which claimants may be entitled to participate in any distribution could be substantially narrowed by this Court's decision on the pending Motion for Partial Summary Judgment filed by Rabo Agrifinance, LLC. (Doc. #190). Acey and Barnett agree that no Order directing distribution of Dealer Trust Assets should be entered prior to a determination of which claimants are entitled to participate in that distribution.

[2] At the time when that identification of Dealer Trust Assets is appropriate, the Trustee will be imposed with the burden to prove that assets he holds **_are not_** Dealer Trust Assets. *See, e.g., Frosty Morn Meats, Inc.*, 7 BR 988, 1013 Appx.A (M.D.Tn. 1980).

1

and Barrett agree that this issue is outside the scope of the pending Motion for Partial Summary Judgment on First Phase Issues.

However, Acey and Barrett disagree with the Trustee's assertion that an adjudication of the bankruptcy estate's interest in Dealer Trust Funds is outside the scope of the First Phase issues outlined in the Court's Alternative Scheduling Order or that the Dealer Trust Funds are assets of the bankruptcy estate.  In its Alternative Scheduling Order, the broad First Phase Issues included, "the applicability, if any, of the Dealer Trust Statute to the Estate Funds and the Debtors' bankruptcy cases generally . . . ."  Certainly, the general applicability of the Dealer Trust Statute to the pending bankruptcy cases would include determination of whether Dealer Trust Assets are even part of the bankruptcy estate.

Acey and Barrett cited substantial authority in their Memorandum in Support of their Motion for Partial Summary Judgment on First Phase Issues holding that Dealer Trust assets are **_not_** assets of the bankrupt debtor's estate and there is other weighty authority supporting that premise.  *See, e.g., PACA Trust Creditors of Lenny Perry's Produce, Inc., v. Genecco Produce, Inc.*, 913 F.3d 268 (2nd Cir. 2019). In the face of this substantial authority, the Trustee relies exclusively on the decision in *In re Cherry* Growers, 576 B.R. 569 (Bankr. W.D. Mich. 2017), which permitted the use of assets purportedly subject to the similar PACA Trust as cash collateral in a Chapter 11 bankruptcy.

However, *Cherry Growers* was very fact-specific and its holding thus limited to those peculiar facts.  There, the creditor claiming to be a PACA beneficiary was greatly over-secured and thus the creditor had essentially no risk of loss resulting from the Court permitting a portion of purportedly PACA Trust assets to be used to temporarily finance the debtor's operation.  The fact that the ruling in *Cherry Growers* was in the context of a cash collateral motion was also significant.

2

Indeed, the bankruptcy court placed great weight on the fact that it was a dispute under §363(e) of the Bankruptcy Code, and not "a proceeding to resolve . . . competing property interest under Federal Rule of Bankruptcy Procedure 7001(2)." *Id.* at 574. Thus, even if *Cherry Growers* has any application outside its peculiar facts, it is certainly outweighed by the significant authority supporting the premise that Dealer Trust Funds are not assets of a bankruptcy debtor's estate.

Acey and Barrett are entitled to partial summary judgment, as a matter of law, determining that the cattle sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors, even if later adjudication is necessary to identify the specific funds subject to the Dealer Trust Statute and which claimants are entitled to a distribution therefrom.

DATED this 21st day of January, 2025.

Respectfully Submitted,

 /s/ *Joseph H. Mattingly III*
**JOSEPH H. MATTINGLY III**
Attorney at Law
104 W. Main Street - P.O. Box 678
Lebanon, Kentucky 40033
(270) 692 – 1718
joe@mattinglylawoffices.com
(Admitted *Pro Hac Vice*)

and

Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas  79109
Telephone:  (806) 374-2266
Facsimile:  (806) 374-9535
northernlegalpc@gmail.com

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was electronically filed by the Clerk of the Court on this 21st day of January, 2025, by using the CM/ECF system which will serve a notice of electronic filing upon all interested parties registered. A copy thereof has also been served by electronic mail to the following:

| | |
|---|---|
| UNDERWOOD LAW FIRM, P.C.<br>Thomas C. Riney<br>W. Heath Hendricks<br>500 South Taylor, Suite 1200, LB 233<br>Amarillo, Texas 79101<br>*tom.riney@uwlaw.com*<br>*heath.hendricks@uwlaw.com* | John Massouh<br>SPROUSE SHRADER SMITH PLLC<br>701 S. Taylor, Suite 500<br>P.O. Box 15008<br>Amarillo, Texas 79105-5008<br>*John.massouh@sprouselaw.com* |
| Michael R. Johnson<br>Matthew M. Cannon<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah 84111<br>*mjohnson@rqn.com*<br>*mcannon@rqn.com* | Hudson M. Jobe<br>JOBE LAW PLLC<br>6060 North Central Expressway, Suite 500<br>Dallas, Texas 75206<br>*hjobe@jobelawpllc.com* |

            By: */s/ Joseph H. Mattingly III*
               JOSEPH H. MATTINGLY