UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  mjohnson@rqn.com
Email: mcannon@rqn.com

*Attorneys for Plaintiff Rabo AgriFinance LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., and 7M CATTLE FEEDERS, INC.,<br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>    *Plaintiff,*<br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>    *Defendants.*[2] | **ADV. PROC. NO. 23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

[2] The Defendants named in the Complaint are ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N.

# RABO'S RESPONSE TO ACEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST PHASE ISSUES

Plaintiff, Rabo AgriFinance LLC ("**RAF**" or "**Rabo**"), through its counsel of record, hereby files its Response to the Motion for Partial Summary Judgment on First Phase Issues (the "**Acey Motion**") filed by Defendants, Acey Livestock, LLC, Michael Acey, Barrett's Livestock, Inc., and Don Ralph Barrett ("**Acey Defendants**").

---

TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DeJARNATT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIIVING TRUST; CORY JESKO; DWIGHT JESKO, JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY;NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANO; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWART; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN; AMY SUTTON; CRAIG SUTTON; TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBUSKIRK; SUSAN VAN BUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR. as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

## SUMMARY

The Acey Motion purports to address issues that the parties agreed would be addressed during "Phase I" as described in the scheduling order. This order provides that the "first phase shall address the applicability, if any, of the Dealer Trust Statute to the Estate Funds and to the Debtors' bankruptcy cases generally given the terms and date(s) of the [Rabo] loan documents and advancements and the applicability and validity, if any, of RAF's security interest in Debtor's Estate Funds." In other words, the specific legal question that Rabo believes the Court, Trustee, and parties are hoping to resolve through Phase I of this case is as follows:

> Under the Dealer Trust Statute, does Rabo have the first position/superior right to Debtor cattle proceeds the Court concludes are "trust assets," when Rabo obtained prior to the enactment of the Statute a first position and perfected security interest in Debtor's current and future cattle proceeds and when a defendant/claimant is deemed by the Court to have a "valid" claim to these proceeds under the Dealer Trust Statute?

The majority of the Acey Motion is devoted to this legal question. This question of priority under the recently amended Dealer Trust Statute appears to be a matter of first impression for this or *any* court, a reality recognized by Acey Defendants in their Motion. Furthermore, the issue implicates numerous core Constitutional rights. Accordingly, there is an argument that this issue merits careful consideration by the Court. Nevertheless, after having engaged in its own thorough analysis of the issue, Rabo is willing to concede—for purposes of this Motion and case only—that the answer to the question above is "no." Rabo acknowledges that a defendant whom this Court may eventually conclude has satisfied all requirements for a valid trust claim in those proceeds under the Dealer Trust Statute would have rights to those proceeds that are generally superior to Rabo's lien rights.

3

Consequently, in a spirit of cooperation and to further judicial economy for all involved, Rabo would not oppose a ruling from the Court specifically providing as follows:

> With respect to the specific cattle proceeds held by the Trustee that this Court may eventually conclude are "trust assets" under the Dealer Trust Statute, Rabo's rights to these assets under its first position and perfected security interest in Debtors' cattle proceeds are secondary to the rights held by a defendant whom this Court may eventually conclude has a "valid" claim to these proceeds under the Dealer Trust Statute.

As to any additional issues or requested rulings arguably addressed in the Motion, Rabo expressly objects to and opposes such issues and rulings. For example, the Proposed Order accompanying the Motion asks the Court to rule that "[t]he livestock sales proceeds currently in the custody and control of the Trustee are subject to the Dealer Trust Statute" and that "[t]he livestock sales proceeds in the custody and control of the Trustee are no assets of the bankruptcy estate of any of the subject debtors." The Acey Defendants, however, subsequently filed a brief with the Court conceding that the issue of what livestock sales proceeds are subject to the Dealer Trust Statute is outside the scope of the Motion and requires subsequent consideration by the Court. Rabo contend that Defendants' concession also operates to preclude this Court from entering any of the other arguably requested rulings because those proposed rulings hinge on and otherwise incorporate the Court's consideration of the funds issue. In any event, no other potential issues raised in the Motion are properly before the Court or otherwise meritorious of consideration or ruling because (1) the Acey Parties do not meet their initial Rule 56 burden in presenting those issues; (2) there are disputed issues of fact on those issues; and (3) consideration of such issues is premature and fall under the "Phase II" issues identified by the Court and parties, with any summary judgment motion on Phase II issues to be filed by August 15, 2025.

In short, if the Court is inclined to "grant" any portion of the Acey Motion, Rabo believes that the only appropriate ruling would be as follows:

> With respect to the specific cattle proceeds that this Court may determine are "Dealer Trust Funds," Rabo's rights in these cattle proceeds by virtue of its perfected and first-priority security lien are secondary to the rights held by a defendant whom this Court may eventually conclude has a "valid" claim to these proceeds under the Dealer Trust Statute.

Pursuant to Local Rule 7056-1(c)(2), Rabo states that the legal and factual grounds on which Rabo relies in opposition to the Motion are set forth in the accompanying brief.

DATED this 22nd day of January 2025.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 24055651
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com
>
> Michael R. Johnson (*Pro Hac Vice*)
> Matthew M. Cannon (*Pro Hac Vice*)
> RAY QUINNEY & NEBEKER P.C.
> 36 South State Street, Suite 1400
> Salt Lake City, Utah 84111
> Telephone: (801) 532-1500
> Facsimile: (801) 532-7543
> Email: mjohnson@rqn.com
> Email: mcannon@rqn.com
>
>
> */s/Matthew M. Cannon*
> Michael R. Johnson
> Matthew M. Cannon
>
> *Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January 2025, I electronically filed **RABO'S RESPONSE TO ACEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST PHASE ISSUES** with the United States Bankruptcy Court for the Northern District of Texas via the Court's CM/ECF system, which sent notice to all registered ECF counsel of record users in this case.

                                                                                   */s/ Liz Beidoun*