

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 2, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| IN RE: <br><br> MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC., <br><br> Debtors.[1] | Chapter 7 <br><br> CASE NO. 23-20084-rlj <br><br> Jointly Administered |
| RABO AGRIFINANCE LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> ACEY LIVESTOCK, LLC et al., <br><br> *Defendants.* | ADV. PROC. NO. 23-02005 <br><br> Honorable Robert L. Jones |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**ALTERNATIVE SCHEDULING ORDER -**                                   **PAGE 1**

# ALTERNATIVE SCHEDULING ORDER[2]

Given the potential to expedite and economize the parties' and the Court's time and resources associated with this adversary proceeding, the Court elects to order a procedure for discovery, address dispositive motions in phases, and abate the prosecution of certain requests for declaratory relief until certain rulings and determinations have been made. The first phase shall address the applicability, if any, of the Dealer Trust Statute to the Estate Funds and to the Debtors' bankruptcy cases generally given the terms and date(s) of the Rabo Agrifinance LLC's ("RAF") loan documents and advancements and the applicability and validity, if any, of RAF's security interest in Debtor's Estate Funds (the "First Phase Issues"). The second phase shall address the

---

[2] The Defendants named in the Complaint are: ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N. TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DEJARNETT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIVING TRUST; CORY JESKO; DWIGHT JESKO; JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY; NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANA; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWARD; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN; AMY SUTTON, CRAIG SUTTON, TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBURKIRK; SUSAN VANBUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR., as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

validity of the asserted Claims under the Dealer Trust Statute if the Dealer Trust Statute is determined to apply (the "Second Phase Issues"). The third phase – all remaining requests for declaratory relief sought by RAF – shall be abated until the First Phase Issues and Second Phase Issues have been determined (the "Abated Third Phase Issues").[3] The claims asserted by RAF in this Adversary Proceeding are limited solely to issues arising out of 7 U.S.C. § 217b (the "Dealer Trust Act"). Nothing in this Alternative Scheduling Order shall limit or prevent parties from seeking discovery or asserting claims regarding any other matter in the underlying bankruptcy or other suits.

The following actions shall be the Court's Alternative Scheduling Order:[4]

First Phase Issues

| | |
|---|---|
| September 27, 2024 | Deadline for completion of all fact discovery related to the First Phase Issues. |
| October 4, 2024 | Deadline for Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the First Phase Issues. |
| November 1, 2024 | Deadline for Defendants' disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the First Phase Issues. |
| December 12, 2024 | Status Conference at 1:30 p.m. at /via WebEx. The meeting/dialin information for this docket can be found on the Court's website (www.txnb.uscourts.gov ) under Judge Jones Hearing dates and Calendar tab prior to the hearing. |
| December 13, 2024 | Deadline for completion of all expert discovery related to the First Phase Issues. |

---

[3] It is anticipated the parties will submit a separate Alternative Scheduling Order related to the Abated Third Phase Issues after the First Phase Issues and Second Phase Issues have been determined and the abatement related to the Abated Third Phase Issues is lifted.

[4] There is no express deadline for the filing of amended pleadings without leave given, among other reasons, the staggered structure of this proceeding and abatement of certain issues. The intent of this Scheduling Order is to allow for the prosecution of certain initial issues without prejudicing the rights of any parties to alleging additional claims or defenses. Any party may seek leave at any time to assert additional claims or defenses, and leave shall be freely given. Any party may seek to modify this Scheduling Order for cause.

| | |
|---|---|
| January 10, 2025 | Deadline to object to any other party's expert witnesses related to the First Phase Issue. |
| January 31, 2025 | Deadline for motions for summary judgment or other dispositive motions related to the First Phase Issues. |

Second Phase Issues

| | |
|---|---|
| March 28, 2025 | Deadline for completion of all fact discovery related to the Second Phase Issues. This Order does not prevent the parties from conducting discovery related to the Second Phase Issues during the discovery for the First Phase Issues. |
| April 18, 2025 | Deadline for Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the Second Phase Issues. |
| May 16, 2025 | Deadline for Defendants' disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) related to the Second Phase Issues. |
| June 28, 2025 | Deadline for completion of all expert discovery related to the Second Phase Issues. |
| July 25, 2025 | Deadline to object to any other party's expert witnesses related to the Second Phase Issue. |
| August 15, 2025 | Deadline for motions for summary judgment or other dispositive motions related to the Second Phase Issues. |
| To be determined | Within thirty (30) days of the Court's ruling on the First Phase Issues and, if necessary, the Second Phase Issues, the parties shall schedule a Joint Status / Scheduling Conference. At that time the parties will jointly submit or provide the Court with proposed Scheduling Order Deadlines for any remaining claims or issues related to the First Phase Issues and Second Phase Issues. It is anticipated that the proposed Scheduling Order Deadlines may include a Joint Pretrial Order in compliance with Local District Rule 16.4, a pretrial conference, a docket call, and trial date. |
| To be determined | Deadline for written proposed Findings of Fact and Conclusions of Law and for trial briefs addressing contested issues of law related to the First Phase Issues and Second Phase Issues. |
| To be determined | Pretrial Conference |
| To be determined | Docket Call |

| To be determined | Trial before the Honorable Robert L. Jones at J. Marvin Jones Federal Building, 205 Southeast Fifth Avenue, Amarillo, Texas. |

# # # END OF ORDER # # #

Order submitted by:

Michael R. Johnson (Pro Hac Vice)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
ATTORNEYS FOR RABO AGRIFINANCE LLC

Case 23-02005-rlj Doc 225-1 Filed 08/25/25 Entered 08/25/25 08:31:50 Desc Main
Appendix Pages 4 through 141 Page 6 of 14

Case 23-02005-rlj Doc 225 Filed 08/25/25 Entered 08/25/25 08:38:15 Desc Document Page 6 of 14

Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

SPECIAL COUNSEL FOR TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE: <br><br> MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC., <br><br> Debtors.[1] | Chapter 7 <br><br> CASE NO. 23-20084-rlj <br><br> Jointly Administered |
| RABO AGRIFINANCE LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> ACEY LIVESTOCK, LLC et al., <br><br> *Defendants.* | ADV. PROC. NO. 23-02005 <br><br> Honorable Robert L. Jones |

**TRUSTEE'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT BY DEFENDANTS, ACEY LIVESTOCK, LLC; MICHAEL ACEY; BARRETT'S LIVESTOCK, INC.; AND DON RALPH BARRETT, ON FIRST PHASE ISSUES**

Kent Ries, Chapter 7 Trustee for the above-referenced Debtors, hereby files his Response to the Motion for Partial Summary Judgment by Defendants, Acey Livestock, LLC; Michael Acey; Barrett's Livestock, Inc.; and Don Ralph Barrett, on First Phase Issues as follows:

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

1

Case 23-20005-rlj Doc 2225-1 Filed 08/25/25 Entered 08/25/25 08:31:53 Desc Main
Appendix Document - Pages 4 through 142 Page 7 of 14

Case 23-20005-rlj Doc 2215 Filed 08/22/25 Entered 08/22/25 08:38:58 Desc Main
Document Page 4 of 4 Page 7 of 14

1. Movants' Motion includes a proposed order finding that:

   The livestock sales proceeds currently in the custody and control of the Trustee are subject to the Dealer Trust Statute;

   - And –

   The livestock sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors.

2. Movants' Motion does not appear to trace any particular funds that Movants contend are "livestock sales proceeds" other than referencing an unsupported conclusion of the USDA that "$2,475,756.21 in trust assets was collected from the liquidation of livestock inventory." The proposed order to the Motion additionally does not appear to include a finding as to any specific funds.

3. The Trustee agrees that the Dealer Trust Statue provides that

   All livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers…

4. The Trustee therefore agrees that qualified Dealer Trust claimants have a superior right to "[a]ll livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock" than the alleged liens of Rabo AgriFinance LLC.

5. The Trustee is currently holding funds from various sources. The Trustee disputes that, and believes it is outside of the scope of this Motion, which particular funds may constitute "proceeds from, [livestock purchased by a dealer in cash sales]." To the extent that is within the scope of the Motion, the Motion does not include any supporting documentation tracing funds to this particular source and the Trustee objects to any adjudication of this tracing issue.

6. Additionally, the Trustee does not agree with the language that any funds in the possession of the Trustee are "not assets of the bankruptcy estate" notwithstanding the cases cited by Movants. In the case of *In re Cherry Growers* (now reported at 576 B.R. 569, Bankr. W.D. Mich. 2017), the court held in the usage of cash collateral context that property subject to a PACA trust is considered property of the estate that can be utilized by a debtor because the interest of a PACA-claimant is essentially the same as a secured creditor, and the debtor could use such funds subject to providing adequate protection. This particular language ("livestock sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors") is arguably outside the scope of relief intended by the Motion - that qualified Dealer Trust claimants have a superior right to certain cash proceeds over the lien rights of Rabo AgriFinance LLC. To the extent that is incorrect, the Trustee objects to this finding in the proposed order to the extent contrary with the reasoning of *In re Cherry Growers*.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

SPECIAL COUNSEL FOR TRUSTEE

Case 23-20084-rlj Doc 225-1 Filed 01/22/25 Entered 01/22/25 18:31:53 Desc Main
Appendix Pages 1 through 144 Page 9 of 14

Case 23-20084-rlj Doc 22 Filed 01/8/25 Entered 01/8/25 08:38:15 Desc Main
Document Page 4 of 4

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service on January 8, 2025.

                                                            */s/ Hudson M. Jobe*

Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas 79109
Telephone: (806) 374-2266
Facsimile: (806) 374-9535
northernlegalpc@gmail.com

and

Joseph H. Mattingly III (Admitted *Pro Hac Vice*)
JOSEPH H. MATTINGLY III, PLLC
P.O. Box 678 – 104 West Main Street
Lebanon, Kentucky 40033
Telephone: (270) 692-1718
Facsimile: (270) 692-1249
Email: *joe@mattinglylawoffices.com*

*Attorneys for Defendants, Acey Livestock, LLC; Michael Acey;
Barrett's Livestock, Inc.; and Don Ralph Barrett*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., and 7M CATTLE FEEDERS, INC.,** <br><br> Debtors. | Chapter 7 <br><br> CASE NO.: 23-20084-rlj <br> Jointly Administered |
| **RABO AGRIFINANCE LLC,** <br><br> Plaintiff, <br><br> **vs.** <br><br> **ACEY LIVESTOCK, LLC,** *et al.,* <br><br> Defendants | **ADV. PROC. NO: 23-02005-rlj** <br><br> **Honorable Robert L. Jones** |

i

Case 23-20055-jrlj Doc 225-1 Filed 01/22/25 Entered 01/22/25 15:51:58 Desc Main
Appendix Pages 1 through 14 Page 11 of 14

Case 23-20055-jrlj Doc 222 Filed 01/22/25 Entered 01/22/25 14:35:15 Desc Main
Document Page 2 of 5

## REPLY TO TRUSTEE'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST PHASE ISSUES

Come the Defendants, Acey Livestock, LLC, and Michael Acey (hereinafter "Acey"); and Barrett's Livestock, Inc., and Don Ralph Barrett (hereinafter "Barrett"), by counsel, and file this as their Reply to the Trustee's Response[1] to their Motion for Partial Summary Judgment as to the "First Phase Issues" described in this Court's Alternative Scheduling Order entered July 3, 2024 (DE #178).

In his Response, the Trustee makes limited objection to the pending Motion for Partial Summary Judgment on two grounds:

1. The Trustee argues that the scope of any Partial Summary Judgment entered with respect to First Phase Issues should reserve adjudication of what funds currently held by the Trustee are subject to the Dealer Trust Statute; and

2. The Trustee argues, contrary to the position asserted by Acey and Barrett, that even if funds he currently holds are subject to the Dealer Trust Statute, they are still assets of the bankruptcy estate.

As to the Trustee's first concern, Acey and Barrett agree that before distribution of assets by the Trustee to eligible Dealer Trust beneficiaries can be ordered, a later determination is required to identify which assets held by the Trustee are subject to the Dealer Trust Statute.[2] Acey

---

[1] A limited objection was also filed by other interested parties (Doc. #221) who, while otherwise supporting the pending Motion for Partial Summary Judgment on First Phase Issues, point out that no distribution from Dealer Trust Assets should be ordered until there has been an adjudication of what claimants are entitled to participate in such distribution. Presumably, the issue of which claimants may be entitled to participate in any distribution could be substantially narrowed by this Court's decision on the pending Motion for Partial Summary Judgment filed by Rabo Agrifinance, LLC. (Doc. #190). Acey and Barnett agree that no Order directing distribution of Dealer Trust Assets should be entered prior to a determination of which claimants are entitled to participate in that distribution.

[2] At the time when that identification of Dealer Trust Assets is appropriate, the Trustee will be imposed with the burden to prove that assets he holds **are not** Dealer Trust Assets. *See, e.g., Frosty Morn Meats, Inc.*, 7 BR 988, 1013 Appx.A (M.D.Tn. 1980).

1

Case 23-20005-jrlj Doc 225-1 Filed 01/22/25 Entered 01/22/25 14:51:58 Desc Main
Appendix Pages 1 through 14 Page 12 of 14

Case 2:3-20205-5jrlj Doc 225-1 Filed 01/22/25 Entered 01/22/25 15:48:15 Desc Main
Appendix Document Page 3 of 5

and Barrett agree that this issue is outside the scope of the pending Motion for Partial Summary Judgment on First Phase Issues.

However, Acey and Barrett disagree with the Trustee's assertion that an adjudication of the bankruptcy estate's interest in Dealer Trust Funds is outside the scope of the First Phase issues outlined in the Court's Alternative Scheduling Order or that the Dealer Trust Funds are assets of the bankruptcy estate. In its Alternative Scheduling Order, the broad First Phase Issues included, "the applicability, if any, of the Dealer Trust Statute to the Estate Funds and the Debtors' bankruptcy cases generally . . . ." Certainly, the general applicability of the Dealer Trust Statute to the pending bankruptcy cases would include determination of whether Dealer Trust Assets are even part of the bankruptcy estate.

Acey and Barrett cited substantial authority in their Memorandum in Support of their Motion for Partial Summary Judgment on First Phase Issues holding that Dealer Trust assets are ***not*** assets of the bankrupt debtor's estate and there is other weighty authority supporting that premise. *See, e.g., PACA Trust Creditors of Lenny Perry's Produce, Inc., v. Genecco Produce, Inc.*, 913 F.3d 268 (2nd Cir. 2019). In the face of this substantial authority, the Trustee relies exclusively on the decision in *In re Cherry Growers*, 576 B.R. 569 (Bankr. W.D. Mich. 2017), which permitted the use of assets purportedly subject to the similar PACA Trust as cash collateral in a Chapter 11 bankruptcy.

However, *Cherry Growers* was very fact-specific and its holding thus limited to those peculiar facts. There, the creditor claiming to be a PACA beneficiary was greatly over-secured and thus the creditor had essentially no risk of loss resulting from the Court permitting a portion of purportedly PACA Trust assets to be used to temporarily finance the debtor's operation. The fact that the ruling in *Cherry Growers* was in the context of a cash collateral motion was also significant.

2

Indeed, the bankruptcy court placed great weight on the fact that it was a dispute under §363(e) of the Bankruptcy Code, and not "a proceeding to resolve . . . competing property interest under Federal Rule of Bankruptcy Procedure 7001(2)." *Id.* at 574. Thus, even if *Cherry Growers* has any application outside its peculiar facts, it is certainly outweighed by the significant authority supporting the premise that Dealer Trust Funds are not assets of a bankruptcy debtor's estate.

Acey and Barrett are entitled to partial summary judgment, as a matter of law, determining that the cattle sales proceeds in the custody and control of the Trustee are not assets of the bankruptcy estate of any of the subject debtors, even if later adjudication is necessary to identify the specific funds subject to the Dealer Trust Statute and which claimants are entitled to a distribution therefrom.

DATED this 21st day of January, 2025.

Respectfully Submitted,

/s/ *Joseph H. Mattingly III*
**JOSEPH H. MATTINGLY III**
Attorney at Law
104 W. Main Street - P.O. Box 678
Lebanon, Kentucky 40033
(270) 692 – 1718
*joe@mattinglylawoffices.com*
(Admitted *Pro Hac Vice*)

and

Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas 79109
Telephone: (806) 374-2266
Facsimile: (806) 374-9535
*northernlegalpc@gmail.com*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed by the Clerk of the Court on this 21st day of January, 2025, by using the CM/ECF system which will serve a notice of electronic filing upon all interested parties registered. A copy thereof has also been served by electronic mail to the following:

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney
W. Heath Hendricks
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
*tom.riney@uwlaw.com*
*heath.hendricks@uwlaw.com*

Michael R. Johnson
Matthew M. Cannon
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
*mjohnson@rqn.com*
*mcannon@rqn.com*

John Massouh
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
*John.massouh@sprouselaw.com*

Hudson M. Jobe
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
*hjobe@jobelawpllc.com*

By:   /s/ *Joseph H. Mattingly III*
      JOSEPH H. MATTINGLY

4