Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas  79109
Telephone:  (806) 374-2266
Facsimile:  (806) 374-9535
northernlegalpc@gmail.com

and

Joseph H. Mattingly III (Admitted *Pro Hac Vice*)
JOSEPH H. MATTINGLY III, PLLC
P.O. Box 678 – 104 West Main Street
Lebanon, Kentucky  40033
Telephone:  (270) 692-1718
Facsimile:  (270) 692-1249
Email:  *joe@mattinglylawoffices.com*

*Attorneys for Defendants, Acey Livestock, LLC; Michael Acey;
Barrett's Livestock, Inc.; and Don Ralph Barrett*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**McCLAIN FEED YARD, INC.,**<br>**McCLAIN FARMS, INC., and**<br>**7M CATTLE FEEDERS, INC.,**<br><br>Debtors. | Chapter 7<br><br>CASE NO.:  23-20084-rlj<br>Jointly Administered |
| **RABO AGRIFINANCE LLC,**<br><br>Plaintiff,<br><br>**vs.**<br><br>**ACEY LIVESTOCK, LLC,** *et al.,*<br><br>Defendants | **ADV. PROC. NO:  23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

i

### REPLY TO RABO AGRIFINANCE, LLC'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON FIRST PHASE ISSUES

Come the Defendants, Acey Livestock, LLC, and Michael Acey (hereinafter "Acey"); and Barrett's Livestock, Inc., and Don Ralph Barrett (hereinafter "Barrett"), by counsel, and file this as their Reply to Rabo Agrifinance, LLC's ("RAF") Response to their Motion for Partial Summary Judgment as to the "First Phase Issues" described in this Court's Alternative Scheduling Order entered July 3, 2024 (DE #178).

In its Response, RAF concedes that to the extent that the Trustee holds any assets subject to a "Dealer Trust" imposed by 7 U.S.C. §217b, the interests of valid Dealer Trust beneficiaries, such as Acey and Barrett claim to be, are superior to RAF's perfected security interest in livestock sales proceeds. Thus, it is appropriate for this Court to sustain Acey's and Barrett's Motion for Partial Summary Judgment in this regard.

However, RAF argues that the Motion for Partial Summary Judgment of Acey and Barrett on three other issues should be denied. Those issues are the following:

1. Does the claimed security interest of RAF in livestock sales proceeds extend or attach to the assets in the custody and control of the Trustee?

2. Are the assets currently in the custody and control of the Trustee subject to the Dealer Trust Statute?

3. Are assets in the custody and control of the Trustee assets of the bankruptcy estate of any of the subject debtors?

Essentially, RAF argues that because Acey and Barrett concede that factual issues may remain as to whether any claimant under the Dealer Trust Statute holds a "valid claim," this Court[1] should defer ruling on any of the three other issues identified in the Motion for Partial Summary Judgment filed by Acey and Barrett. Despite RAF's arguments superficial arguments, for practical and other reasons this Court should proceed to adjudicate as many issues that can be determined as a matter of law to assist the parties in narrowing the scope of this litigation.

In this regard, Acey and Barrett agree that under this Court's Alternative Scheduling Order, Second Phase issues include specific validation of claims under the Dealer Trust Statute. However, that does not mean that this Court is precluded from rendering a ruling on legal issues that will guide consideration of Second Phase and other issues.

First, RAF argues that the Court should not consider whether the claimed security interest of RAF in livestock sales proceeds extends or attaches to the assets in the custody and control of the Trustee. Although RAF concedes that its interest is subordinate to the valid claims of Dealer Trust beneficiaries, it argues that to the extent that the Trustee holds funds that are subject to a Dealer Trust which exceed the aggregate amounts of valid claims of Dealer Trust beneficiaries, RAF's perfected security interest in livestock sales proceeds will attach to those excess funds. Acey and Barrett agree. However, that is not reason for this Court to defer ruling on this issue. Even in light of RAF's arguments, the Court should rule, as a matter of law, the following:

> To the extent that it is later determined that assets in the custody and control of the Trustee are subject to a Dealer Trust imposed by 7 U.S.C. §217b, the claimed

---

[1] It is certainly disingenuous that, on the one hand, RAF relies upon the factual findings detailed in the USDA's Investigative Report Synopsis in its prior Brief In Support of Motion for Partial Summary Judgment (DE #191, at pp.6-7) and urges there that this Court to give those findings "persuasive value" (DE # 191, at p. 22) and, on the other, now contends that the factual statements articulated by Acey and Barrett, also based in the USDA's Investigative Report Synopsis, are "unsupported" and "disputed."

2

security interest of Rabo Agrifinance, LLC, in the debtors' livestock sales proceeds shall not attach to, or extend to assets subject to a Dealer Trust, up to the aggregate value of all valid claims of Dealer Trust beneficiaries, as determined by the Court.

RAF next argues that this Court should defer ruling on what assets currently in the custody and control of the Trustee are subject to a Dealer Trust. With this, Acey and Barrett agree. However, even if the Court defers, it is clear that the Trustee will be imposed with the burden to prove that assets he holds <u>*are not*</u> Dealer Trust Assets. *See, e.g., Frosty Morn Meats, Inc.*, 7 BR 988, 1013 Appx.A (M.D.Tn. 1980). Given the "floating lien" imposed by the Dealer Trust Statute upon all assets, this may be an impossible burden.

Finally, RAF, as did the Trustee in his Response, argues that this Court should defer ruling as to whether assets subject to a Dealer Trust are assets of the debtors' bankruptcy estates. Once again, RAF argues that to the extent assets in the custody and control of the Trustee exceed in value all valid Dealer Trust claims, those assets are assets of the bankruptcy estate. With that proposition, Acey and Barrett do not disagree. However, there is no practical or other reason why this Court cannot, and should not, adjudicate the ultimate issue of whether valid Dealer Trust assets are or are not bankruptcy estate assets. Acey and Barrett have provided to this Court the weighty authority supporting its position in that regard in both its Brief in Support of Motion for Partial Summary Judgment on First Phase Issues (DE # 216) and in their Reply to the Trustee's Response to the Motion (DE # 222) and incorporates those arguments by reference as if fully set forth herein. However, it is important to point out that RAF provides no legal authority in opposition to the legal basis supporting Acey's and Barrett's Motion in this regard. Instead, it simply argues that the Motion is pre-mature and the Court should defer ruling. To the contrary, this Court should rule as follows:

3

To the extent it is later determined that assets in the custody and control of the Trustee are subject to a Dealer Trust imposed by 7 U.S.C. §217b, and to the extent of the aggregate value of all valid claims of Dealer Trust beneficiaries, as determined by the Court, those assets are not assets of the bankruptcy estates of McClain Feed Yard, Inc., McClain Farms, Inc., or 7M Cattle Feeders, Inc.

The Court can promote efficiency in moving forward in this complex case by issuing rulings consistent with the foregoing, thus narrowing the scope of this litigation as it proceeds forward to additional phases described in the Court's Alternative Scheduling Order.

DATED this 3rd day of February, 2025.

Respectfully Submitted,

/s/ *Joseph H. Mattingly III*
**JOSEPH H. MATTINGLY III**
Attorney at Law
104 W. Main Street - P.O. Box 678
Lebanon, Kentucky 40033
(270) 692 – 1718
*joe@mattinglylawoffices.com*
(Admitted *Pro Hac Vice*)

and

Van W. Northern
NORTHERN LEGAL, P.C.
3545 S. Georgia Street
Amarillo, Texas  79109
Telephone:  (806) 374-2266
Facsimile:  (806) 374-9535
*northernlegalpc@gmail.com*

4

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing was electronically filed by the Clerk of the Court on this 3rd day of February, 2025, by using the CM/ECF system which will serve a notice of electronic filing upon all interested parties registered. A copy thereof has also been served by electronic mail to the following:

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney
W. Heath Hendricks
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
tom.riney@uwlaw.com
heath.hendricks@uwlaw.com

Michael R. Johnson
Matthew M. Cannon
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
mjohnson@rqn.com
mcannon@rqn.com

John Massouh
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
John.massouh@sprouselaw.com

Hudson M. Jobe
JOBE LAW PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
hjobe@jobelawpllc.com

By:   */s/ Joseph H. Mattingly III*
     JOSEPH H. MATTINGLY