

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 7, 2025**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., | § | Case No.: 23-20084-rlj7 |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |
| Rabo AgriFinance LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 23-02005 |
| | § | |
| Acey Livestock, LLC, Michael Acey, | § | |
| Arnold Braun Trust, Arnold Braun, Robert | § | |
| Braun, Bar D Ranch Land & Cattle LLC, | § | |
| N. Terry Dicks, Barrett's Livestock Inc., | § | |
| Don Ralph Barrett, Dora Blackman, Bryan | § | |
| Blackman, Eddie Bryant, Joe Burnett, | § | |
| Buss Family Trust, Edwin D. Buss, | § | |
| Dennis Buss, Colette Lesh, Curtis Jones | § | |
| Farms, DAC83 LLC, Don Jones Farm, | § | |
| Inc., Don Jones Trucking, Inc., Dufurrena | § | |
| Cutting Horses, Edward Lewis Dufurrena, | § | |
| Rieta May Dufurrena, Michael Evans, | § | |
| Douglas Finley, Gene Brookshire Family, | § | |

---

[1] The Debtors in these jointly administered cases are McClain Feed Yard, Inc. (Case No. 23-20084-rlj7), McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7).

| | |
|---|---|
| LP, Joel Brookshire, Gray Brothers Cattle, Robert Gray, Ronnie Gray, Jimmy Greer, Gungoll Cattle, LLC, Bradley Gungoll, Leah Gungoll, Hines Cattle Company, LLC, Hines Farms, LLC, A.J. Jacques Living Trust, Cory Jesko, Dwight Jesko, Dustin Johnson, David Johnson, Kinsey Jones, Janice Lawhon, Jan Lesh, Morrison Cafe, LLC, Lesh Family Trust, Gary Lesh, Jared Lesh, Jordan Lesh, LLC, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Natalie Martus, Open A Arena LLC, Sonny Barthold, Rapp Ranch, Jim Giordano, Riley Livestock, Inc., Angie Robinson, Rick Rodgers, Steve Ryan, Jim Rininger, Scarlet & Black Cattle, LLC, Colton Long, Scott Livestock Company, Shaw & Shaw Farms Partnership LLC, The University of Florida, Robert J. Spring, Steve T Scott Farms, Inc., Amy Sutton, Craig Sutton, Thorlakson Diamond T Feeders, LP, John Tidwell, Mykel Tidwell, John Tindal, Janet VanBuskirk, Lyndal VanBuskirk, Susan VanBuskirk, Colby VanBuskirk, Cameron Weddington, and Kent Ries as Chapter 7 Trustee,<br><br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Rabo AgriFinance LLC, by its motion, is asking that the Court grant partial summary judgment in the form of declaratory relief that the defendants here—the claimants both against the debtors and to the so-called Dealer Trust Funds—do not have valid claims to the approximately $2.6 million in funds held by the chapter 7 trustee, Kent Ries, in the consolidated debtor cases.[2]

---

[2] The "Dealer Trust Funds" are the proceeds of livestock sales that the USDA determined were subject of the Dealer Trust Statute, 7 U.S.C. § 217b.

2

It is not disputed that the USDA[3] issued its report concluding that $122 million in claims (from more than 100 claimants) were made to the USDA under the Dealer Trust Statute, 7 U.S.C. § 217b; that seven claims in the total amount of about $2.9 million are valid claims; that just over $2.6 million in proceeds are from qualifying cattle sales and thus are "trust assets" under the Dealer Trust Statute; and, pertinent to its summary judgment motion, $119 million of submitted claims are "invalid" claims under the statute. Rabo is specifically asking the Court to grant it summary judgment in the form of declaratory relief confirming the invalid claims are indeed improper claims under the Dealer Trust Statute and thereby resolve the question of their validity as an issue in Rabo's action here.

The Court, principally on the point made by the Jones Defendants,[4] denies summary judgment. Rabo's First Amended Complaint recites that "an actual and live controversy" exists between Rabo, the Dealer Trust Claimants, and the Trustee "as to the proper recipient of the [bankruptcy estate funds], the existence of any liens or encumbrances against the [funds], and the applicability of the Dealer Trust Statute." ECF No. 3 ¶ 175.[5]

The Jones Defendants argue summary judgment is improper because the summary judgment evidence reveals no "concrete or particularized injury" to Rabo and thus Rabo lacks standing to seek relief on the issues subject of the summary judgment. The Court agrees. The summary judgment evidence includes the findings of the USDA. The findings, as summarized above, clearly provide that there are $2.6 million in trust funds against which there are $2.9 million in valid claims. (The chapter 7 trustee is presently holding the $2.6 million.) For purposes of the summary judgment, such findings support the inference that Rabo's claim—and

---

[3] "USDA" refers to the United States Department of Agriculture.
[4] The "Jones Defendants" are defendants Curtis Jones Farms, Don Jones Farm, Inc., Don Jones Trucking, Inc., Kinsey Jones, Hines Cattle Company, LLC, and Hines Farms, LLC.
[5] "ECF No." refers to the numbered docket entry in the Court's electronic case file for Adversary No. 23-02005.

liens that secure its claim—do not attach to the $2.6 million of proceeds that are held "in trust" for the benefit of the *valid* trust claimants.

As the Jones Defendants argue, if it is later determined, upon trial or other dispositive relief, that the USDA's report is exactly right, then it would thereby establish that Rabo never had standing for its action here. The Court is not here concluding that Rabo does not have standing on its action here. Rather, the Court concludes that the summary judgment evidence fails to support a conclusion that Rabo has standing to obtain the relief it seeks now. *See* Fed. R. Civ. P. 56; *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431, 141 S. Ct. 2190, 2207–10 (2021) (plaintiff must demonstrate standing for each claim asserted and for each form of relief sought).

It is, therefore,

ORDERED that Rabo's motion for partial summary judgment is denied.

### End of Order ###