UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  mjohnson@rqn.com
Email: mcannon@rqn.com

*Attorneys for Plaintiff Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., and 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-rlj<br><br>Jointly Administered |
| RABO AGRIFINANCE LLC,<br><br>*Plaintiff,*<br>v.<br><br>ACEY LIVESTOCK, LLC et al.,<br><br>*Defendants.*[2] | **ADV. PROC. NO. 23-02005-rlj**<br><br>**Honorable Robert L. Jones** |

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

[2] The Defendants named in the Complaint are ACEY LIVESTOCK, LLC; MICHAEL ACEY; STAN E. AYERS, JR.; ARNOLD BRAUN TRUST; ARNOLD BRAUN; ROBERT BRAUN; BAR D RANCH LAND & CATTLE LLC; N.

## RABO'S CASE STATUS REPORT

Pursuant to the Court's request for the status of this case (ECF No. 234), Plaintiff Rabo AgriFinance LLC ("**RAF**" or "**Rabo**"), through its counsel of record, hereby submits the following status report of the above-captioned case (the "**Adversary Action**").

1. Rabo initiated the Adversary Action to address the dispute between Rabo, Defendants, and the Trustee concerning Defendants' purported trust claims against certain Debtors that were submitted to the United States Department of Agriculture ("**USDA**") under 7 U.S.C. § 217b (the "**Dealer Trust Statute**").

2. More specifically, the Adversary Action addresses the following issues:

---

TERRY DICKS; BARRETT'S LIVESTOCK INC.; DON RALPH BARRETT; BELLA ELEGANCE LLC; BIG SEVEN CAPITAL PARTNERS, LLC; DORA BLACKMAN; BRYAN BLACKMAN; EDDIE BRYANT; BRENT BURNETT; JOE BURNETT; TERRY BURNETT; BUSS FAMILY TRUST; EDWIN D. BUSS; DENNIS BUSS; C HEART RANCH, LLC; COLETTE LESH; CARRAWAY CATTLE, LLC; RICHARD CARRAWAY; CURTIS JONES FARMS; DAC83 LLC; ERIC DeJARNATT; DON JONES FARM, INC.; DON JONES TRUCKING, INC.; DUFURRENA CUTTING HORSES; EDWARD LEWIS DUFURRENA; RIETA MAY DUFURRENA; ROBERT ELLIS; MICHAEL EVANS; DOUG FINLEY; GARWOOD CATTLE CO.; JUSTIN GARWOOD; GENE BROOKSHIRE FAMILY, LP; JOEL BROOKSHIRE; GRAY BROTHERS CATTLE; ROBERT GRAY; RONNIE GRAY; JIMMY GREER; GUNGOLL CATTLE, LLC; BRADLEY GUNGOLL; LEAH GUNGOLL; JACE HARROLD; HINES CATTLE COMPANY, LLC; HINES FARMS, LLC; A.J. JACQUES LIIVING TRUST; CORY JESKO; DWIGHT JESKO, JOANN & KEITH BROOKS d/b/a BROOKS FARMS; LARRY KEITH; DUSTIN JOHNSON; DAVID JOHNSON; KINSEY JONES; KINGDOM TRUST; JAMES MCCUAN; KEITH HARRIS; JANICE LAWHON; JAN LESH; MORRISON CAFÉ, LLC; LESH FAMILY TRUST; GARY LESH; JARED LESH; JORDAN LESH, LLC; LFC CATTLE; CHARLES LOCKWOOD; COLE LOCKWOOD; SHERLE LOCKWOOD; NIKKI LOCKWOOD; MAP ENTERPRISES; MIKE GOURLEY;NATALIE MARTUS; JEAN NIX; OPEN A ARENA LLC; BARRY PHILLIPS; DREW PHILLIPS; PRIEST CATTLE COMPANY LTD; PRIEST VICTORY INVESTMENT LLC; CHRISTOPHER PRINCE; PRODUCERS LIVESTOCK COMMISSION; SONNY BARTHOLD; DAVID RAINEY; RAPP RANCH; MARK J. REISZ; RALPH REISZ; RIDGEFIELD CAPITAL ASSET MANAGEMENT; JIM GIORDANO; RILEY LIVESTOCK, INC.; ANGIE ROBINSON; RICK RODGERS; STEVE RYAN; JIM RININGER; SCARLET & BLACK CATTLE, LLC; COLTON LONG; SCOTT LIVESTOCK COMPANY; SHAW & SHAW FARMS PARTNERSHIP LLC; THE UNIVERSITY OF FLORIDA; ROBERT J. SPRING; STARNES CATTLE; JEFF STARNES; EDDIE STEWART; ROBERT STEWART; RACHEL STEWART; SCOTT E. STEWART; STEVE T SCOTT FARMS, INC.; JUSTIN STUEVER; PHILLIP SULLIVAN; AMY SUTTON; CRAIG SUTTON; TGF RANCH LLC; TOM FRITH; THORLAKSON DIAMOND T FEEDERS, L.P.; JOHN TIDWELL; MYKEL TIDWELL; TINDAL TRUCK SALES; JOHN TINDAL; JANET VANBUSKIRK; LYNDAL VANBUSKIRK; SUSAN VAN BUSKIRK; COLBY VANBUSKIRK; CAMERON WEDDINGTON; NANCY WEDDINGTON; WILLIAM WEDDINGTON; WILDFOREST CATTLE COMPANY LLC; WILEY ROBY RUSSELL, JR. as TRUSTEE OF THE W. ROBBIE RUSSELL LIVING TRUST; WJ PERFORMANCE HORSES, INC.; JOB WHITE; and KENT RIES, in his capacity as CHAPTER 7 TRUSTEE OF THE DEBTORS' CONSOLIDATED BANKRUPTCY ESTATE.

 (1) With respect to funds constituting the corpus of the statutory trust, whether Rabo's alleged rights in those funds are superior to a party which the Court concludes has a qualified/valid Dealer Trust claim.

 (2) What assets in the custody and control of the Trustee are subject to the Dealer Trust Statute.

 (3) Whether assets in the custody and control of the Trustee are assets of the bankruptcy estate of any of the subject debtors.

 (4) Which Defendants, if any, has a qualified USDA Dealer Trust claim.

 (5) What parties are entitled to payment from Dealer Trust Funds, or funds otherwise in the custody or control of the Trustee.

 (6) The rights of Rabo, if any, to any funds in the custody and control of the Trustee, if any, after payment of all valid Dealer Trust claims.

(*See* Am Compl. (ECF No. 3); Agreed Order Granting in Part and Denying in Part the Motion for Partial Summary Judgment dated February 25, 2025 (the "**February 25 Order**") (ECF No. 230).)

 3. On September 26, 2024, Rabo filed a Motion for Partial Summary Judgment (the "**Rabo MPSJ**") (ECF No. 190) seeking a judgment that the defendants subject to the Rabo MPSJ did not have valid Dealer Trust claims and were not entitled to any funds subject to the Dealer Trust Statute (relevant to issue number 4, above). (*See generally* Rabo MPSJ.)

 4. On December 18, 2024, defendants Acey Livestock, LLC, Michael Acey, Barrett's Livestock, Inc., and Don Ralph Barrett field a Motion for Partial Summary Judgment (the "**Acey MPSJ**") (ECF No. 217) seeking a judgment that, among other things, parties which the Court concludes have qualified/valid Dealer Trust claims have superior rights over Rabo's in any trust funds being held by the Trustee (issue number 1, above).

 5. On February 7, 2025, the Court entered an Order (the "**February 7 Order**") denying the Rabo MPSJ and concluding that "the summary judgment evidence fails to support a

conclusion that Rabo has standing to obtain the relief it seeks now" but also concluding and clarifying that the "Court is not here concluding that Rabo does not have standing for its action here." (February 7 Order at 4.)

6. On February 25, 2025, the Court entered its February 25 Order, wherein it granted in part and denied in part the Acey MPSJ. (*See generally* February 25 Order.)

7. The February 25 Order contains two numbered paragraphs, with paragraph 1 providing as follows:

> With respect to the specific funds which the Court may ultimately determine constitute the corpus of the statutory trust created by the Dealer Trust Statute (7 U.S.C. §217b), any party which the Court concludes is a qualified and valid beneficiary holding a valid Dealer Trust Claim shall have a right to those funds that is superior to any and all of RAF's alleged rights in those funds.

(February 25 Order at ¶ 1.)

8. Paragraph 2 of the February 25 Order provides as follows:

> All other matters raised in the Motion are reserved for further adjudication and this Order is entered without prejudice to any issue outside the scope of the matters set forth in numerical paragraph 1 hereof, including, but not limited to, (1) whether assets currently in the custody and control of the Trustee are subject to the Dealer Trust Statute, (2) whether assets in the custody and control of the Trustee are assets of the bankruptcy estate of any of the subject debtors, (3) which Defendants, if any, has a qualified USDA Dealer Trust Claim, (4) what parties are entitled to payment from Dealer Trust Funds, or funds otherwise in the custody and control of the Trustee, and (5) the rights of RAF, if any, to any funds in the custody and control of the Trustee, if any, after payment of all valid Dealer Trust claims.

(*Id.* at ¶ 2.)

9. Rabo has been in discussions with the Trustee and counsel for certain Dealer Trust Claimants regarding the filing of summary judgment motions in the next 30-45 days to further address issues with the asserted Dealer Trust claims.

10.     As to other matters related to this Adversary Action, the Trustee has filed Adversary Proceeding No. 25-02005 against certain banks, including Rabo, which action includes claims related to Rabo's asserted liens. The Trustee has also filed Adversary Proceeding No. 25-02003 against many of the same parties to this Adversary Action on claims for preference and fraudulent transfer. Rabo understands that the Trustee is evaluating the potential overlapping claims and parties and may be seeking severance of certain parties and claims prior to final judgment.

11.     Rabo believes that the parties will make further filings in the next 30-45 days to advance the issues in this Adversary Action.

DATED and respectfully submitted this 12th day of September 2025.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email:  mcannon@rqn.com

*/s/Matthew M. Cannon*
Michael R. Johnson
Matthew M. Cannon

*Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2025, I electronically filed **RABO'S CASE STATUS REPORT** with the United States Bankruptcy Court for the Northern District of Texas via the Court's CM/ECF system, which sent notice to all registered ECF counsel of record users in this case.

<em>/s/ Liz Beidoun</em>